[Filed June 21, 1892.]

## N. H. HOWARD *v.* P. R. CONDE.

Conversion of Property — Execution — Justification of Sheriff — Defendant in Writ.— In an action for the conversion of personal property, when the defendant attempts to justify as a sheriff levying on the property as that of a third party, his answer, to be sufficient, must allege that the property taken belonged to the defendant in the execution.

Verdict of Sheriff's Jury — Indemnifying Bond — Cumulative Remedy.— The remedy of the claimant of personal property, on a bond indemnifying a sheriff for selling the property on execution notwithstanding the verdict of a sheriff's jury, is cumulative, and does not take away the claimant's right of action for the wrongful seizure of his property.

Baker county: M. D. Clifford, Judge.

Defendant appeals.    Affirmed.

The complaint in this case is in substance as follows: That on the seventeenth day of August, 1891, at Baker county, state of Oregon, the plaintiff was owner, and ever since has been entitled to the possession as owner, of a certain milch cow, of the value of thirty dollars; of a certain account due her for board from J. H. Agee, of the value of fifteen dollars; of a certain account due her for board from W. R. Grimes, of the value of five dollars; of a certain account due her for board from Jay Stillwell, of the value of twenty-four dollars; of a certain account due her for

board from one John Wright, of the value of forty dollars; of a certain account for board due her from F. M. Vernon, of the value of twenty dollars; of a certain account due her for board from one W. Lindsey, of the value of ten dollars; of a certain account due her from one R. H. Simons, of the value of two dollars and fifty cents; and of an account due her for board from one H. H. Stratton, of the value of twenty-five dollars; that the aggregate value of said cow and accounts was upon said day the sum of two hundred and eighteen dollars and seventy-five cents; that on the seventeenth day of August, the said defendant, in Baker county, Oregon, wrongfully took said cow from the possession of the plaintiff, and did wrongfully take possession of the said sums of money and accounts due her as aforesaid; that on the eighteenth day of August, 1891, at said county and state, the plaintiff demanded possession of all the said property from the defendant, but that the defendant refused to deliver any part of the same to plaintiff, and did on and between said date and the eleventh day of November, 1891, wrongfully sell said cow, and did wrongfully collect all of said accounts aforesaid due to the plaintiff, and convert the proceeds of said sale and the amounts due plaintiff on said account to his, the defendant's, own use; that thereby the plaintiff was and is damaged in the sum of two hundred and eighteen dollars and seventy-five cents. Wherefore, the plaintiff demands judgment against the defendant for the sum of two hundred and eighteen dollars and seventy-five cents, and for the costs and disbursements of this action.

After denying each material allegation of the complaint, the answer contains the following further and separate defense: " That at all the times and dates mentioned in plaintiff's complaint, and for a long time prior thereto, defendant was and still is the duly qualified and acting sheriff of Baker county, Oregon; that on the twelfth day of August, 1891, this defendant, as sheriff aforesaid, duly

and regularly received an execution issued out of the circuit court of the state of Oregon for the county of Baker, commanding this defendant, as said sheriff, that out of the property of one E. G. Howard, the defendant in said writ, he make the sum of three hundred and eighty-two dollars and ninety-four cents with certain costs and disbursements; that said execution was regular on its face, and in every way regular and mandatory upon this defendant, a copy of which execution is hereunto annexed and marked 'Exhibit A'; that thereafter, and by virtue of said execution, this defendant as sheriff, levied upon and sold the said cow in the plaintiff's complaint set forth as the property of the said E. G. Howard, the defendant in the said execution; and did, also, as sheriff aforesaid, duly and regularly garnishee J. H. Agee for the sum of fifteen dollars, due from said Agee to said E. G. Howard, defendant in said writ, and that said Agee, on the seventeenth day of August, 1891, duly answered said garnishee process, that he owed the said E. G. Brown five dollars; that by virtue of said execution aforesaid, defendant as sheriff aforesaid, duly garnisheed W. R. Grimes as a debtor owing said E. G. Howard, and that said W. R. Grimes duly answered that he was indebted to said E. G. Howard in the sum of five dollars; that by virtue of said execution aforesaid, this defendant, as sheriff aforesaid, duly garnisheed D. B. Lyons, and that said D. B. Lyons duly answered said garnishee process that he was owing the said E. G. Howard the sum of ten dollars."

The answer then sets up a number of other like garnishments, the aggregate amount of which is one hundred and thirty-one dollars and eighty cents, and then proceeds: "That all said persons above named under and by virtue of said garnishee proceedings, voluntarily paid to this defendant as sheriff the respective sums above set forth, the same being money due and owing said E. G. Howard, and not otherwise; and the above named are respectively the identical persons and amounts mentioned and set forth

in plaintiff's complaint, all of which said sums and amounts this defendant, as sheriff as aforesaid, by virtue of his writ aforesaid, duly returned with said writ, and that the whole thereof was paid over to the plaintiffs in said writ, and that the above are the facts and doings of which the plaintiff complains in this action.

"For another and separate defense, the defendant alleges that on the eighteenth day of August, 1891, and after all of said garnishee proceedings were had, the plaintiff gave notice in writing that she claimed the cow levied upon, as well as the sums severally garnisheed; that thereafter such proceedings were had by virtue of said execution and notice that a sheriff's jury was duly empaneled in the regular way to try the validity of such claims respecting the said cow and accounts; and upon the trial thereof, a verdict was rendered for the said claimant for the said cow, and for certain of the accounts set forth in plaintiff's complaint, aggregating seventy-two dollars and fifty cents, and not more." The answer further alleges that after the rendition of said verdict, the plaintiffs in the execution duly made and executed their undertaking in all things sufficient, and tendered the same to this defendant, as by law in such case made and provided, the said undertaking being in writing, with two sufficient sureties, residents and householders of the state of Oregon, wherein and whereby they undertook to indemnify the plaintiff herein against all damages, costs, and disbursements by virtue of the sale and disposal of said property under and by virtue of said execution, which undertaking was duly returned by the defendant with said execution, and that the same is now and has been ever since the eleventh day of November, 1891, the property of the plaintiff, and for her sole use and benefit.

The plaintiff demurred to each of the separate defenses, which demurrer was sustained by the court. A trial resulted in a verdict for the plaintiff in the sum of two hundred and eighteen dollars and seventy-five cents, upon which judg-

ment was duly entered, from which the defendant appeals.

*M. L. Olmstead*, and *H. E. Courtney*, for Appellant.

*R. S. Anderson*, and *C. W. Manville*, for Respondent.

STRAHAN, C. J.—The only error complained of on this appeal is the ruling of the court below sustaining the demurrer to the new matter in the defendant's answer; and to that our attention will be directed.

The first separate defense is open to criticism, but it is not wholly without merit. It fails to allege that the cow levied upon was at the time of the levy the property of E. G. Howard, and for that reason the attempted justification as to the cow fails. Whether the garnishment by the sheriff of persons whom the plaintiff alleges were indebted to her, and the payment by them to the sheriff of the sums which they respectively admitted to be due and owing to the defendant in the execution, is any injury to the rights of the plaintiff, we need not now consider or decide, because both parties on this trial have assumed that if those persons were in fact indebted to the plaintiff in this action, she would be entitled to recover the sums they paid the sheriff, and which were applied on the execution in his hands. Upon this part of the defense the sheriff tenders an issue that these persons were indebted to E. G. Howard, the defendant in the execution; and if the parties wish to try out the right to the money in that way, it is not for the court to interfere.. The first separate defense was therefore insufficient.

The other defense pleaded relates to the effect of the verdict given by a sheriff's jury, and the execution of the undertaking provided by the code. By the verdict, only a part of the property claimed, to the value of seventy-two dollars and fifty cents, was found to be the property of the claimant; but the verdict in no manner identifies what particular property belonged to the claimant. Whether the defendant, in the execution, was found by the jury to

be the owner of the residue, we are not informed by the record before us; but whether he was or not, may not be very material in view of other matters stated in the second separate defense. The plaintiff, in the execution, desired to sell the property notwithstanding the verdict, and accordingly gave the undertaking required by section 289, Hill's Code. That section makes it the duty of the sheriff, notwithstanding the verdict, to proceed to sell the property seized, in satisfaction of the execution, if the plaintiff tender to him a written undertaking, executed by two or more good and sufficient sureties, residents of the state, and householders or freeholders therein, in double the value of the property, to the effect that he will indemnify the sheriff against all damages and costs which he may sustain in consequence of the seizure and sale of such property; and, moreover, that he will pay to the claimant of such property all damages which he may sustain in consequence of such seizure and sale. This statutory undertaking evidently has a two-fold purpose—to indemnify (1) the sheriff, and (2) the claimant; but the statute has not provided that the execution and return of the bond shall take away a claimant's right of action for the wrongful seizure of his property. Therefore, we think that so far as the claimant is concerned, the remedy on the undertaking must be regarded as cumulative. The common law right to sue for a wrong done to one's property, is not taken away by the execution of the undertaking, unless the statute expressly so provides. This was the rule adopted in *Belkin* v. *Hill,* 53 Mo. 492, under a statute very similar to ours in this respect. And this construction was followed in *State ex rel.* v. *McBride,* 81 Mo. 349. It was there held that, in the absence of statutory prohibition, the claimant of property levied upon by a sheriff, and as to which an indemnifying bond has been given the officer, is not restricted to his remedy on the bond, but may sue the sheriff for the trespass or conversion. The condition of the statutory

undertaking seems to imply as much. There is a provision in the undertaking for the indemnity of the sheriff. If he cannot be sued, and is not liable for taking the property of a stranger to his writ and applying it thereon, against what claim or damages is he indemnified? The sheriff's right to indemnity under the bond only arises after he has paid the true owner the damages sustained for the wrongful levy. Until the sheriff has been compelled to pay damages on account of his official acts, which are entirely for the benefit of the plaintiff in the writ, he has sustained no injury, and therefore could have no cause of action.

Whether the person whose property has been unlawfully taken might sue directly on the undertaking, it is not necessary now to decide, as that case is not before us. If the sheriff is not liable to the true owner of the property when he wrongfully takes it and applies it to the payment of another's liability, the clause in the undertaking in the sheriff's favor would never be of any utility. No one could ever declare on that clause of the bond except the sheriff, and he only after he had been compelled to pay damages to the true owner for the wrongful taking. In some of the states the sheriff is expressly exempted from liability by positive law in such case, but we have no such statute here.

In this view of the law, the court below did not err in sustaining the demurrer to the second separate defense. There being no other errors complained of, the judgment appealed from must be affirmed.