Decided 25 June, 1907.

TAYLOR *v.* BROWN. .

90 Pac. 673.

REPLEVIN—RIGHTS UNDER ACTUAL POSSESSION.

1. Actual possession of property is sufficient to sustain a replevin action against one who has seized it wrongfully, without regard to any paper title.

REPLEVIN—PLEADING SEIZURE UNDER WRIT OF ATTACHMENT.

2. An officer who attempts to justify the seizure of property found in the possession of a stranger to his writ must both plead and show facts necessary to support the writ, which was not done in this case, and the record of the attachment was properly excluded.

REPLEVIN—AFFIDAVIT FOR WRIT AS EVIDENCE—AIDING ANSWER.

3. The affidavit filed by a plaintiff in replevin, stating the alleged cause of the detention of the property by defendant, is not a pleading, and therefore cannot aid a defective answer.

PLEADING—AMENDMENT—DISCRETION OF COURT.

4. In replevin against attaching officers, it is not error to deny their application made during trial to amend their answer by pleading the attachment proceedings, such application being addressed to the sound dis-

cretion of the trial court, and its ruling not being reviewable except for abuse of such discretion.

Admissibility of Question Calling for an Opinion.

5. In replevin by one in possession of machinery attached as belonging to another, the question asked plaintiff, "Could any reasonable person doing business with" the attachment defendant, "in supplying parts of machinery for the machine, know that you controlled it?" was properly excluded as calling for witness' mere opinion, and not for any pertinent facts.

Evidence—Declarations of Third Persons.

6. Satements by third persons not in the presence of the party against whom they are offered are not competent evidence.

From Baker: Robert Eakin, Judge.

Statement by Mr. Chief Justice Bean.

This is an action by A. J. Taylor against H. K. Brown and J. B. Snow to recover possession of certain well-boring machinery of the alleged value of $2,000. The complaint sets up title and right to possession in the plaintiff, wrongful and unlawful detention by the defendants, and a demand and refusal. The answer is a mere denial of the averments of the complaint. The plaintiff, to sustain the issue on his part, gave evidence tending to show that on January 9, 1902, one Chas. Frederick, being the owner of the property in question, in the State of Washington, executed and delivered to him a bill of sale therefor to secure the payment of a promissory note for $1,082.32, due 12 months after date; that the bill of sale was duly recorded in the State of Washington, and plaintiff took immediate possession of the property. Thereafter Frederick, by the permission and consent of the plaintiff, operated the property, but was assisted by the plaintiff's son, who acted as his agent, and whose consent was necessary to its removal by Frederick from place to place. In November, 1904, the property was, by plaintiff's consent, brought into Oregon by Frederick for operation near Baker City, the plaintiff's son accompanying it to assist in its operation and to look after and protect his father's interest. While the property was thus being operated, it was seized by the defendants, as sheriff and deputy sheriff, under a writ of attachment in an action brought by one Schumaker against Frederick. The court below refused to admit evidence of the attachment proceedings

because not pleaded, and ruled that the bill of sale from Fred-
erick to the plaintiff, while good between the parties, was not
sufficient evidence of title in plaintiff to enable him to maintain
this action, and instructed the jury that, unless they found from
the testimony that plaintiff was in the actual possession of the
property at the time of its seizure by the defendants, their ver-
dict must be for defendants. The jury returned a verdict in
favor of the plaintiff, and from a judgment rendered therein
the defendants appeal. The case was submitted on briefs under
the proviso of Rule 16: 35 Or. 587, 600.        AFFIRMED.

For appellants there was a brief over the name of *Emmett
Callahan*.

For respondent there was a brief over the names of *Albert
Backus* and *Lawrence E. Lewis*.

Opinion by MR. CHIEF JUSTICE BEAN.

1. From the finding of the jury under the instructions of the
court, it must be assumed, for the purposes of the appeal, that
plaintiff was in actual possession of the property in controversy
at the time it was taken by the defendants, and this is sufficient
to enable him to maintain an action of replevin therefor against
a wrongdoer: *Faull* v. *Cooke,* 19 Or. 455 (26 Pac. 662: 20 Am.
St. Rep. 836) ; *Casto* v. *Murray,* 47 Or. 57 (81 Pac. 883). The
court ·ruled and instructed the jury that the bill of sale from
Frederick to the plaintiff was not sufficient evidence of title to
enable him to recover in this action, but they must find for the
defendants, unless the plaintiff was in the actual possession at
the time the property was taken. The question of the validity
of the bill of sale and its competency as evidence are therefore
immaterial.

2. It is a settled law in this state that, where an officer at-
tempts to justify the seizure of property in the possession of a
stranger to the writ, he must allege and prove facts necessary to
support the writ, and that the property belonged to the defend-
ant therein: *Guille* v. *Wong Fook,* 13 Or. 577 (11 Pac. 277) ;
*Lewis* v. *Birdsey,* 19 Or. 164 (26 Pac. 623) ; *Fisher* v. *Kelly,*

30 Or. 1 (46 Pac. 146). This rule was not observed in this case, and it was not error, therefore, for the court to refuse to admit in evidence the record in the attachment proceedings.

3. The statement in the affidavit for claim and delivery filed by the defendant, that the alleged cause of the detention of the property by defendants was the seizure by them under an alleged writ of attachment against Frederick, is no part of the pleadings, and cannot aid a defective answer.

4. There was no error in denying the application of the defendants, made during the trial, to amend their answer by pleading the attachment proceedings. Applications of this kind are addressed to the sound discretion of the trial court, and its ruling will not be disturbed except for an abuse of such discretion, which is not shown here: *Wallace* v. *Baisley,* 22 Or. 572 (30 Pac. 432).

5. There was no error in sustaining the objection to the following question propounded to the witness Taylor. "Could any reasonable person doing business with Mr. Frederick, in supplying parts of machinery for that machine, know that you controlled it?" It called for the mere opinion of the witness, and not for any facts pertinent to the case.

6. Conversations held by third persons with Frederick, not in the presence of the plaintiff or his agent, concerning the bill of sale from him to the plaintiff, were clearly incompetent, and not binding on the plaintiff.

There being no error in the record, the judgment is affirmed.

AFFIRMED.