Submitted on Briefs March 19, decided April 2, 1912.

## WHITNEY *v.* WHITNEY.

[122 Pac. 289.]

WILLS—CONSTRUCTION—CONVEYANCE BY HEIRS—EFFECT.

Testator devised all his property to his wife for life, then bequeathed a specified 15 acres to his son G. for life, after the death of testator's widow; the same to be divided between testator's surviving children in equal shares at G.'s death. He then bequeathed to his daughter C. another 15 acres for life, after the death of testator's widow; the land not to be disposed of by will except by her at her death. Testator then devised to his children, describing them all by name, the residue in equal shares, but not to be sold to any person by either of the children during his or her natural life, except from one of the children to the other or others; the last survivor to be entitled to the whole of the real property to be disposed of by him or her by will as if he or she had been willed the whole, and all save the last survivor should hold for life only, except the land devised to C., which should be absolute to her. Thereafter all the children joined in a deed to the widow, purporting to convey all their remainder or reversion and all their title or interest in the premises, also containing a covenant of warranty that they were the owners of the fee. *Held* that, if the children did not acquire a fee in remainder under the will, they took the same under the statute of distribution, as intestate property, and hence the deed vested the fee in the widow.

From Marion: WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE BURNETT.

This is a suit by Hannah Whitney against Honesty Whitney, single, Clara B. Whitney, single, A. C. Whitney

and Dora E. Whitney, his wife, A. L. Whitney and Alice Whitney, his wife, G. W. Whitney and Clara Whitney, his wife, Ardula M. Porter (nee Ardula M. Whitney), widow, O. C. Whitney and Carrie Whitney, his wife, and Goldsby Whitney, single; also all other persons or parties unknown claiming any right, estate, title, lien or interest in the real estate described in the complaint and is brought to quiet the title to certain real estate in Marion County. The facts are as follows:

Robert Whitney died about December 14, 1906, in Marion County, Oregon, leaving his last will and testament dated November 22, 1906, in which, besides revoking former wills and appointing two of his children executors without bonds, he disposed of his property in this manner:

"I devise and bequeath to my wife, Hannah Whitney, the use and benefit and enjoyment during her natural life of all my property, both real and personal, of whatsoever kind or nature of which I shall die possessed, and after her death to be distributed as follows:

"First.  I devise to my son, George W. Whitney, the fifteen acres in the northwest corner of my farm on the west side of the Butteville road in Marion County, Oregon, for his natural life after the decease of my wife, Hannah Whitney, and should the said George W. Whitney be survived by any of my said sons or daughters then the said fifteen acres shall be divided between the survivors in equal shares, share and share alike.

"Second.  I devise to my daughter, Clara B. Whitney, the fifteen acres including the house, barn and orchard during her natural life, after the death of my said wife, Hannah Whitney, and said fifteen acres is not to be disposed of by her, my said daughter, except by will at her death.

"Third.  I devise and bequeath to my children the issue of myself and my said wife, Hannah Whitney, namely, Clara B. Whitney, Oliver C. Whitney, Ardula M. Whitney, Asa Clarence Whitney, Andrew L. Whitney, Goldsby Whitney, and Honesty Whitney, all of the rest, remainder and residue of any property, both personal and real, in equal shares as nearly as may be, share and share

alike, and the real property shall not be sold to any person by either of my said children during his or her said natural life, except from one of my said children to the other or others of my said children, and the last survivor of my said children shall be entitled to the whole of said real property to be disposed of by him or her by will the same as if he or she had been willed the whole of my said real property and all save the last survivor shall hold for life only, the said real property, except the fifteen acres to Clara B. Whitney which shall be absolute to her as above stated."

The children named in this will were all and the only heirs of said Robert Whitney. Ardula M. Whitney married a man named Porter, who died, leaving her his widow, at the commencement of this suit. The other defendants, besides the children of Robert Whitney, which are named in his will, are spouses of certain of those children. This will was duly admitted to probate in the county court of Marion County, and such proceedings were taken in the estate of Robert Whitney, deceased, that on February 10, 1908, the estate was finally settled and the executors discharged. On June 24, 1911, the defendants joined in a deed of conveyance from themselves to Hannah Whitney of certain described premises which came to them under the will from the estate of Robert Whitney. After language in usual form of bargain, sale, and conveyance, and the description of the property involved, the deed proceeds thus:

"To have and to hold said premises with their appurtenances and remainder or reversion and also all the estate, right, title or interest of said grantors or any of them whatsoever in said premises unto the said Hannah Whitney, her heirs and assigns forever. And said grantors do hereby covenant to and with the said Hannah Whitney, her heirs and assigns, that they are the owners in fee simple of said premises; that they are free from all incumbrances, and that they will warrant and defend the same from all lawful claims whatsoever."

This deed was executed and acknowledged so as to entitle the same to record and was recorded in Marion County deed records on June 26, 1911. Some doubt having arisen afterwards as to the true meaning and construction of the will, the plaintiff, alleging herself to be the owner in fee simple and in the exclusive possession of the property described in the deed, brought this suit against the defendants, charged that they claimed unjustly some right, title, interest, or estate in and to the premises by virtue of the residuary clause of the will, which she sets out in her complaint, and prayed that the defendants be enjoined from asserting any claim in the premises. The answer traversed the plaintiff's allegations of ownership in herself, sets out the entire will of Robert Whitney, and avers that the only interest, title, or claim of the plaintiff to the premises in question is by virtue of the will, and not otherwise. It was stipulated that the allegations of the answer should be deemed denied as by a reply. This is stated by counsel to be really a friendly suit for the construction of the will. The circuit court made findings of fact and conclusions of law and a decree in favor of the plaintiff according to the prayer of her complaint, and the defendant A. L. Whitney has appealed.   AFFIRMED.

Submitted on briefs without argument, under the proviso of Rule 18 of the Supreme Court, 56 Or. 622 (117 Pac. xi).

For appellant there was a brief over the name of *Mr. Walter L. Spaulding.*

For respondent there was a brief over the names of *Messrs. Charles L. & John H. McNary.*

MR. JUSTICE BURNETT delivered the opinion of the court.

We assume that the real property described in the deed from the defendants to the plaintiff belonged to the estate of Robert Whitney at the time of his death. He either

devised his whole estate in the lands or he devised only a part of that estate. What was devised went to his children, the defendants, who are his only heirs. If there was a residue which he did not devise, it descended to them by operation of law. As said in *De Bow* v. *Wollenberg,* 52 Or. 404, 432 (96 Pac. 536: 97 Pac. 717):

"The title to all realty, upon the death of its owner, passes directly to the heirs of the decedent as tenants in common subject only to the rights of the executor or administrator in possession for the payment of debts."

*Clark* v. *Bundy,* 29 Or. 190 (44 Pac. 282); Noon's Estate, 49 Or. 286, 291 (88 Pac. 673: 90 Pac. 673). Taking the devise of the will and the natural descent of the residue, if any, not devised, the whole title of the land, subject to the life estate of the widow, went to the only persons to whom the land could have descended; that is to say, to the children of Robert Whitney. They having all joined in a warranty deed to the plaintiff, all the title which then they possessed, together with all that they would afterward acquire, in the said land, went to the plaintiff. *Taggart* v. *Risley,* 4 Or. 235; *Raymond* v. *Flavel,* 27 Or. 219 (40 Pac. 158); *Gardner* v. *Wright,* 49 Or. 609 (91 Pac. 286). What was devised by the will, plus what, if any, descended by operation of law, when united, as it was by the deed, in the plaintiff, who already had the life estate in the whole tract, comprises the whole estate in fee.

It follows that as against the defendants the plaintiff is the owner in fee simple of the lands described in the deed from them to her, and that the decree of the circuit court must be affirmed, but without costs or disbursements to either party.          AFFIRMED.