Argued at Pendleton October 27, affirmed December 8, rehearing denied December 30, 1925.

## DARRELL FULP *v.* JESSE BRASHEARS.

(241 Pac. 69.)

**Attachment—Sheriff must Plead and Prove Facts Necessary to Support Writ of Attachment to Justify Seizing Property Thereunder.**

1. In action for possession of property held by sheriff, to justify seizing of property under writ of attachment, it is essential for sheriff to plead and prove facts necessary to support writ, and that property belonged to defendant in writ.

**Trial — Instruction Setting Out Presumption to Support Special Ownership of Personal Property in Defendants, Properly Refused, Where Special Ownership was not Pleaded.**

2. In action to recover automobile, instruction attempting to set out presumption of ownership in party from whom defendant

had taken automobile on writ of attachment, thereby showing special ownership in defendant, was properly refused, where facts constituting special ownership were not pleaded.

**Trial—Useless for Court to Submit Issues to Jury Where not Raised by Pleadings.**

3. It is useless for court to submit issues to jury, where not raised by pleadings.

**Trial—Refusal to Give Instruction Relative to Presumption of Fraud as Against Creditors of Party Selling Personal Property Held Proper, Where Answer Failed to Allege Facts of Special Ownership of Such Property in Defendant, Who had Taken on Writ of Attachment.**

4. In action to recover automobile taken by sheriff on writ of attachment, where answer failed to allege that party from whom car was taken was owner, or that there was debt owing from such person to plaintiff in writ, refusal to give instruction that every sale of personal property capable of immediate delivery, unless completed by immediate delivery, creates presumption of fraud as against creditors, was not proper as not applicable to case.

---

Attachment, 6 C. J., p. 205, n. 69.
Pleading, 31 Cyc., p. 50, n. 69.
Replevin, 34 Cyc., p. 1480, n. 8, 18, p. 1494, n. 61, p. 1496, n. 74.
Trial, 38 Cyc., p. 1615, n. 22.

From Union: J. W. KNOWLES, Judge.

In Banc.

This is an action for the possession of an automobile. It was tried before the court and a jury, and a verdict rendered in favor of plaintiff. From a judgment entered thereon defendant appeals.

The complaint is in the usual form, alleging the ownership and the right of possession of the personal property in plaintiff, a wrongful taking by defendant, a demand therefor by plaintiff and the detention thereof by defendant.

Defendant by his answer denies the gist of the complaint, except—

" * * defendant admits that as sheriff of Union County, Oregon, on or about the eighteenth day of May, 1925, he took possession of said automobile from Dwight Martin under and by virtue of a writ of at-

tachment issued out of the Justice Court of La Grande District, Union County, Oregon, by H. E. Brady, Esq., Justice of the Peace therein, in an action at law entitled *Joe Ritl* vs. *Dwight Martin* then pending in said court and ever since said date has held and now holds said property in said county.''

AFFIRMED.        REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. E. R. Ringo.*

For respondent there was a brief and oral argument by *Mr. F. S. Ivanhoe.*

BEAN, J.—Defendant assigns error of the court in refusing to admit in evidence the record of the attachment proceedings and testimony in connection therewith.

Plaintiff contends that the defendant failed to plead any justification for taking or detaining the automobile, or any ownership of the same in himself, or anyone else.

The answer does not state that the writ of attachment commanded the defendant to take possession of the property of Dwight Martin the defendant, in the action referred to, or the property of any person. It is not alleged the personal property was owned by Martin, the defendant, at any time.

1. In order for one to justify the seizing of property under a writ of attachment, it is essential to plead and prove facts necessary to support the writ and that the property belonged to the defendant in the writ: *Taylor* v. *Brown,* 49 Or. 423, 425 (90 Pac. 673); *Fisher* v. *Kelly,* 30 Or. 1 (46 Pac. 146); *Guille* v. *Wong Fook,* 13 Or. 577 (11 Pac. 277). This has been the settled law in this state for a long time. Under

the allegations of the answer the defendant was not entitled to prove a special ownership in the personal property without the facts constituting such ownership being pleaded in his answer: *Howard* v. *Conde,* 22 Or. 581 (30 Pac. 454); *Mellott* v. *Downing,* 39 Or. 218, 224 (64 Pac. 393); *Moorhouse* v. *Donaca,* 14 Or. 430 (13 Pac. 112).

There are no facts stated in the answer showing that Ritl, the plaintiff in the writ of attachment, was a creditor of Martin, the defendant therein. A mere conclusion to that effect is all that appears.

2. The testimony on the part of plaintiff tended to show that he was the owner of the car; that thirteen days before the claimed attachment, the plaintiff purchased the automobile for $272, and credited the amount on a certain chattel mortgage note executed by Dwight Martin to plaintiff to secure the payment of the sum of $600. That possession of the car was taken by plaintiff at the time Martin, at plaintiff's request drove the car to La Grande for repairs, where defendant seized it. Defendant therefore requested the court to instruct the jury as follows:

"I also instruct you, Gentlemen of the Jury, that a person is presumed to be the owner of property from the exercise of ownership over it. If, therefore, you find that Dwight Martin exercised acts of ownership over the automobile in question, then he is presumed to be the owner of it."

3. Defendant assigns error upon the failure of the court to grant the request. The presumption is attempted to be invoked for the purpose of supporting the writ of attachment and of showing a special ownership of the car in defendant. Before this could be done the facts constituting the special ownership must be pleaded. Therefore, defendant was not in a posi-

tion to invoke the presumption and was not entitled to the instruction.

4. Defendant also requested the following instruction to the jury:

"Gentlemen of the Jury, I instruct you that under the law in this state every sale of personal property which is capable of immediate delivery to the purchaser unless the same be accompanied by an immediate delivery of such property to such purchaser, and be followed by actual and continued change of possession of such property, creates a presumption of fraud as against the creditors of the seller during the time that such seller has possession of such property. This presumption may be overcome only by making it appear on the part of such purchaser that such sale was made in good faith, and for a sufficient consideration and without intent to defraud the creditors of said seller."

This request, like the other, is lacking for a foundation. It would be useless for the court to submit issues to the jury that were not raised by the pleadings.

The defendant, as the agent of the person who claims that he caused the machine to be attached, could attack the sale of the car by Martin to plaintiff only upon the theory that Martin owned the car, that the plaintiff in the writ of attachment was a creditor of Martin and had obtained a lien upon the property for security of his debt, and that thereby he had been brought into privity with the property, by which the officer could question the *bona fide* of plaintiff's title: *Fisher* v. *Kelly, supra; People's Sav. Bank* v. *Bates,* 120 U. S. 556 (30 L. Ed. 754, 7 Sup. Ct. Rep. 679, see, also, Rose's U. S. Notes).

The answer fails to allege either that Martin was the owner of the car or that there was a debt due or

owing from Martin to the plaintiff in the writ.  While a correct rule of law was embodied in the request, the instruction was not applicable to the case.  It was not error to refuse to give the same.

Defendant's counsel has filed a very good brief, if the proposition of law therein could be applied to the facts in the case.  The trial court plainly and fairly submitted the question of the ownership of the car by plaintiff and his right to the possession thereof to the jury.  This was practically the only issue in the case.

Finding no error in the record the judgment of the Circuit Court is affirmed.

Affirmed.  Rehearing Denied.