JAMES H. CALLAHAN, executor, *vs.* MARY E. WOODBRIDGE
& another.

Suffolk.    March 23, 1898. — August 30, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Tax on Collateral Legacies and Successions — Property in this*
*Commonwealth given by Foreign Will.*

Under St. 1891, c. 425, entitled "An Act imposing a tax on collateral legacies and successions," the Probate Court has jurisdiction of a petition by the executor of a foreign will proved in this Commonwealth for instructions upon the question whether he is liable to pay a tax upon the property, real and personal, of the testate found herein.

The executor of a foreign will proved in this Commonwealth is liable to pay a tax under St. 1891, c. 425, entitled "An Act imposing a tax on collateral legacies and successions," upon the following property of the testate within the jurisdiction of this Commonwealth: real estate, cash on hand, bonds of railroad companies, of cities without the Commonwealth, of other States and of the United States, all of which are transferable by delivery, and are commonly bought and sold in the market in this Commonwealth. But whether a note and mortgage, the maker of the note and the land covered by the mortgage not being within the Commonwealth, are taxable, *quære.*

For the purpose of determining whether an estate is taxable under St. 1891, c. 425, entitled "An Act imposing a tax on collateral legacies and successions," the words of the proviso at the end of § 1, which declare that no estate shall be subject to the provisions of the act unless its value, "after the payment of all debts," shall exceed the sum of ten thousand dollars, mean that only the debts, and not the expenses of administration, are to be deducted; but for the purpose of determining on what amount the tax is to be computed, expenses of administration must be deducted.

PETITION, to the Probate Court, by the executor of the will of James A. Winslow, late of Binghamton, in the State of New York, for instructions as to the payment of a collateral inheritance tax. A decree was entered that the residuary estate devised to Mary E. Woodbridge was liable to pay such tax, and Mary E. Woodbridge appealed to this court. The facts appear in the opinion.

*F. G. Cook,* for Mary E. Woodbridge.

*F. T. Hammond,* Assistant Attorney General, for the Treasurer of the Commonwealth.

KNOWLTON, J.    This is a petition to the Probate Court by the executor of a foreign will proved in this Commonwealth for

instructions upon the question whether he is liable to pay a tax on a collateral legacy or succession under the St. 1891, c. 425. Section 1 of this chapter is in part as follows: " All property within the jurisdiction of the Commonwealth, and any interest therein, whether belonging to inhabitants of the Commonwealth or not, and whether tangible or intangible, which shall pass by will or by the laws of the Commonwealth regulating intestate succession . . . to any person, in trust or otherwise, other than to or for the use of the father, mother, husband, wife, lineal descendant, brother, sister, adopted child, the lineal descendant of any adopted child, the wife or widow of a son, or the husband of a daughter of a decedent, . . . shall be subject to a tax of five per centum of its value for the use of the Commonwealth, . . . provided, however, that no estate shall be subject to the provisions of this act unless the value of the same, after the payment of all debts, shall exceed the sum of ten thousand dollars."

The appellant raises the preliminary question whether the Probate Court has jurisdiction over a case of this kind. We are of opinion that it has. Section 14 of this chapter expressly provides that " the Probate Court having jurisdiction of the settlement of the estate of the decedent shall have jurisdiction to hear and determine all questions in relation to said tax that may arise affecting any devise, legacy, or inheritance under this act," etc. The decedent was a non-resident, and these proceedings relate only to the property found in this Commonwealth. So far as this property is concerned, the Probate Court has jurisdiction of the settlement of the estate of the decedent. Pub. Sts. c. 156, § 2; c. 127, §§ 15, 16, 17; c. 138, §§ 1 and 2. Under the express provisions of the section last cited, it may regulate the settlement of the estate, not only in regard to the collection of assets and the payment of debts, but it may afterwards make final distribution of the property, or pay it over according to the will, or may, in its discretion, cause it to be transmitted to the executor or administrator, if any, in any State or country where the deceased had his domicil. *Welch* v. *Adams*, 152 Mass. 74. The question as to the liability to pay a tax is a question affecting a devise, legacy, or inheritance under the act, for if the tax is paid, the devise, legacy, or inheritance will be diminished by the payment. It seems clear that the case is within St. 1891,

c. 425, § 14, and we have no occasion to inquire whether the Probate Court has jurisdiction under other statutes. *Essex* v. *Brooks*, 164 Mass. 79. See St. 1891, c. 415; *Swasey* v. *Jaques*, 144 Mass. 135.

The constitutional authority of the Legislature to lay an excise tax upon the privilege of succession to property after the death of the former owner of it was established by this court in *Minot* v. *Winthrop*, 162 Mass. 113, and is generally recognized by courts elsewhere. *Attorney General* v. *Bouwens*, 4 M. & W. 171. *Stern* v. *The Queen*, [1896] 1 Q. B. 211. *Thomson* v. *Advocate General*, 12 Cl. & F. 1. *State* v. *Dalrymple*, 70 Md. 294. *In re Romaine*, 127 N. Y. 80. *In re Swift*, 137 N. Y. 77, 84. *Orcutt's appeal*, 97 Penn. St. 179. *Small's estate*, 151 Penn. St. 1. *Alvany* v. *Powell*, 2 Jones, Eq. 51. The legal right of the Legislature to make such a provision in regard to the property of a non-resident owner rests upon the fact that the property is within the State and subject to its jurisdiction. This power is as large in reference to the property of a non-resident decedent as in reference to that of the inhabitants of the Commonwealth. It covers the property within the jurisdiction. A ground for its exercise is that the property has the protection of our laws, and that our laws are invoked for the administration of it when a change of ownership is to be effected.

In the statute before us the succession to property of non-residents is expressly taxed as if the property belonged to inhabitants of the Commonwealth. The language " which shall pass by will or by the laws of the Commonwealth regulating intestate succession," taken in connection with the clauses immediately preceding it, applies to foreign wills, and to property that passes under the statute of this Commonwealth which regulates the succession to the property of a non-resident owner after his death, and declares that it shall be " disposed of according to the laws of the State or country of which he was an inhabitant." Pub. Sts. c. 138, § 1.

Upon the facts before us there is no doubt that all the property referred to was within the jurisdiction of this Commonwealth, so as to come within the statute, unless it be the note with mortgage security upon land in Kansas City. There was real estate in Boston, there was a small amount of cash on

hand, and the rest of the property was in bonds of railroad companies, of the city of Zanesville, Ohio, of the State of New Hampshire, and of the United States, all of which were completely transferable by delivery, and were commonly bought and sold in the market in this Commonwealth. The statute applies to property " tangible or intangible." Without any provision in regard to intangible property, the property above described would be included, because it was all tangible, passing from hand to hand, and was as completely within the jurisdiction of our laws as ordinary chattels. Much discussion has been had in other courts under statutes somewhat like ours, in regard to stocks, bonds, promissory notes, and other similar property. The Court of Appeals in New York, in a very recent case, held that stocks in local corporations, and negotiable bonds found within the State, belonging to the estate of a non-resident decedent, are subject to a succession tax. *In re Morgan*, 150 N. Y. 35. *In re Houdayer*, 150 N. Y. 37. The same doctrine is held in well considered cases in Maryland and North Carolina. *State* v. *Dalrymple*, 70 Md. 294. *Alvany* v. *Powell*, 2 Jones, Eq. 51. It has been held that the statute in Pennsylvania was "intended to embrace only personal property of a tangible nature, actually situated or used for business purposes within the Commonwealth, and not to mere certificates of indebtedness, such as government bonds, whose *situs* necessarily follows the owner's domicil." *Orcutt's appeal*, 97 Penn. St. 179, 186. In England it has been decided that succession duties under the St. 16 & 17 Vict. c. 51, are not payable on legacies of personal property in England, given by the will of a testator domiciled abroad. *Wallace* v. *Attorney General*, L. R. 1 Ch. 1. In this decision the court followed and applied the rule stated in *Thomson* v. *Advocate General*, 12 Cl. & F. 1, in regard to duties on legacies under the St. of 36 Geo. III. c. 52. But probate duties under the St. of 55 Geo. III. c. 184, are payable upon property belonging to estates of non-resident decedents like that in the case before us. *Fernandes's case*, L. R. 5 Ch. 314. *Attorney General* v. *Bouwens*, 4 M. & W. 171.

The language of our statute is too clear to admit of a doubt that such property as that to which we have referred was intended to be covered by it.

Whether the note and mortgage were property within the jurisdiction of the Commonwealth is a different question, which, upon the facts stated, it is not necessary to decide. We understand that the maker of the note, as well as the land covered by the mortgage, was not within the Commonwealth. Assuming that the note and mortgage were not property within this jurisdiction, the proceeds of them will be applicable to the payment of the debts and charges of administration, which, as we understand the facts, will be more than enough to absorb them.

It is agreed that the value of the estate after the payment of all debts will exceed the sum of $10,000, thus taking the estate out of the proviso at the end of § 1. It is also agreed that the executor would testify, if his testimony is admissible without more, that, in his judgment, after the payment of all debts against the estate and expenses of administration, both in Massachusetts and in New York, the value of the estate will be less than $10,000. If this testimony is taken as true and is well founded, it raises the question whether the expenses of administration as well as the debts are to be deducted in order to determine whether the value of the estate exceeds $10,000, so as to subject the succession to taxation. This question is by no means free from difficulty. There is much force in the argument that it is only when the estate passing to a successor exceeds $10,000 that the statute applies. On the other hand, in most of our statutes where expenses of administration are to be added to debts to determine an amount, or for purposes of deduction, it is expressly so stated. It is expected that taxes under this statute will be paid without waiting a long time for the settlement of controversies and the conclusion of litigation. The expenses of administration cannot be determined until the administration is nearly or quite completed. It is provided by § 12 of the statute that, if it is determined that the whole or a part of the tax paid ought not to have been paid, it shall be refunded. We are of the opinion that it is the better construction of the statute to hold that, for the purpose of determining whether the estate is taxable, the language is to be strictly followed, and that only the debts are to be deducted. Of course, for the purpose of determining on what amount the tax is to be computed, expenses of administration must be deducted, as the

tax is to be paid only on the amount which passes to the successor or successors. Except as to the note and mortgage, the order will be,                    *Decree affirmed.*