*Joseph C. Sweeney, Alonzo R. Williams,* for defendant.

---

GEORGE E. BULLARD *et al.* Ex. *vs.* REDWOOD LIBRARY *et al.*

JULY 11, 1914.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Wills.   Inheritance Taxes.*

Where testatrix was at the time of her death a resident of this state, bequeathing by will personal property which was both within and without the state, the will is presumed to have been made in accordance with the existing laws of this State.

*(2)   Wills.   Inheritance Taxes.*

A foreign succession tax depends upon the jurisdiction over the property and is not sustainable as a regulation of the exercise of testamentary power by the citizen of another state; therefore such tax is merely a charge upon the particular property and not upon pecuniary legacies given by the will, and as the executors are compelled to pay the tax in order to obtain control of the property, the charge is properly an expense of the administration.

*(3)   Wills.   Inheritance Taxes.*

Property to be administered embraces all that was originally within the state of testator's domicile, or that the executor has been able to find elsewhere and bring there. Whatever sums the executor may be obliged to pay to bring the property within the state merely reduces the amount within the control of the court.

*(4)   Wills.   Inheritance Taxes.*

Where testatrix was at the time of her death a resident of this State bequeathing by will legacies out of property which was both within and without the State, the amount paid by the executors on account of the inheritance tax of a foreign state, in order to get possession of the assets of the estate cannot be deducted from the amount of the pecuniary legacies, but is a proper expense of administration.

PROBATE APPEAL.   Heard on certification on agreed statement of facts.

JOHNSON, C. J.   This is an appeal from a decree of the Probate Court of the Town of Middletown to the Superior Court of Newport County certified to this court upon an agreed statement of facts.

The appellants are the executors of the will of Mary E. W. Perry, a domiciled resident of Middletown in this State, who died December 10th, 1910, and the will having been duly proved, are qualified to act as such by the decree of the Probate Court of Middletown.

The agreed statement of facts is as follows:

"The parties hereto having adversary interests in the construction of the will of Mary E. W. Perry in the within cause concur in stating a special case for the opinion of the Supreme Court upon the following agreed statement of facts:

"1.   That Mary E. W. Perry, late of the Town of Middletown, deceased, died on the tenth day of December, A. D. 1910, leaving a last will and testament duly admitted to probate by the Probate Court of said Town of Middletown. (A copy of which said will is hereto attached and marked 'Exhibit A.')

"2.   That in and by said will testatrix left certain legacies as follows:

Redwood Library, Newport, books, clock and..... $50,000
St. Mary's Church, So. Portsmouth, share in Redwood Library &........................... 2,000
St. Mary's Church, Rector's Fund............. 1,000

| | |
|---|---:|
| Trinity Church, Newport, Rector's Fund, and sundry articles of furniture................ | $5,000 |
| Bowdoin College, Brunswick, Maine............ | 10,000 |
| Home for Aged Women, Bangor, Maine......... | 5,000 |
| Eastern Maine General Hospital, Bangor......... | 4,000 |
| First Congregational Church, Groveland, Mass., 7–10th of Perry Mansion property to be used as a parsonage &..................... | 3,000 |
| Town of Groveland—land for Public Park....... | |
| Mary Bamfield Davies....................... | 1,000 |
| Mary Wilkinson Richardson................... | 1,000 |
| Helen Robinson Woodbury.................... | 1,000 |
| Lisa Carroll.............................. | 1,000 |
| Alice Bullard Ide.......................... | 1,000 |
| Eleanor May Barker........................ | 2,000 |
| Mary Adams Willard........................ | 2,000 |
| Edward F. Fitzgerald, Gardener............... | 1,000 |
| Marie Bernier............................. | 500 |
| George E. Bullard......................... | 10,000 |
| Louis Curtis.............................. | 10,000 |
| Clark Burdick............................. | 10,000 |
| August Carlson............................ | 500 |
| Jeremiah Lawton.......................... | 100 |

the pecuniary legacies in all amounting to $121,200.00.

"3.   That the estate of said Mary E. W. Perry was invested in stocks, bonds, notes and other property amounting to $2,315,964.48, of which $17,330.32 was within the State of Rhode Island, and the balance was within the Commonwealth of Massachusetts, but that of said balance $135,000 was represented by notes secured by mortgages upon Rhode Island property and $22,000 was represented by bonds of the cities of Providence and Woonsocket, in the State of Rhode Island, though said notes and bonds were physically in Massachusetts.

"4.   That in order to get possession of the assets of the estate within the Commonwealth of Massachusetts the

executors were obliged to take out ancillary letters testamentary in the probate court of Suffolk County, Massachusetts, and in accordance with the requirements of the inheritance tax laws of Massachusetts then in force, to wit Statute 1909, Chap. 490, part IV paid the following taxes assessed against the following legacies by the Commonwealth of Massachusetts and required to be paid before the said executors could gain control of the assets within that state.

| | |
|---|---:|
| Redwood Library | $2,500 |
| St. Mary's Church, So. Portsmouth | 100 |
| Trinity Church, Newport, Rector's Fund | 250 |
| Bowdoin College | 500 |
| Home for Aged Women, Bangor | 250 |
| Eastern Maine General Hospital | 200 |
| Eleanor May Barker | 100 |
| Mary Adams Willard | 100 |
| George E. Bullard | 500 |
| Clark Burdick | 500 |
| Louis Curtis | 500 |

$5,500 Total
tax on pecuniary
legacies.

"5. That the executors under the provisions of Chapter 318, Section 13 of the General Laws filed in the office of the Probate Clerk of the said Town, a statement setting out the names of the legatees and the amounts to be paid to each legatee, and in computing the amounts to be paid to each legatee the executors deducted in each case an amount equal to the inheritance tax paid to the Commonwealth of Massachusetts; (A copy of which said statement is hereto attached and marked 'Exhibit B.')

"6. That by a decree of said court entered May 19, 1913, said statement was amended by not allowing the deduction of the amount in each case of the Massachusetts inheritance tax and said executors were ordered to pay said legacies in

full as appears by the decree herein, from which decree the executors, the appellants, appealed to the Superior Court for the reasons stated in their reasons of appeal filed in this cause.

"7.   That the said Mary E. W. Perrry was at the time of her death a resident of the Town of Middletown and State of Rhode Island.

"Upon the foregoing agreed statement of facts the parties hereto concur in stating the following question in issue.

"Inasmuch as the will of Mary E. W. Perry gave the pecuniary legacies to the legatees as hereinbefore stated without specifically exempting the legatees from any deductions, which of the two following contentions is correct?

"1.   The executors contend that the statement as originally filed should be allowed and that the inheritance tax assessed by the Commonwealth of Massachusetts against the legacies given to the respective legatees should be a charge against the legatees and deducted from their legacies before payment to reimburse the estate for the amount advanced for their taxes.

"2.   The appellees contend that the statement allowed by the Probate Court of Middletown should be confirmed and that the inheritance taxes paid to Massachusetts are part of the expenses of administration incurred in obtaining the assets of the estate and that inasmuch as the distribution of the estate should be made by the laws of the State of Rhode Island of which the testatrix was a domiciled resident at the time of her death, the executors have no right to deduct any amounts paid for foreign inheritance taxes from the legacies payable to the respective legatees."

In the construction of this, as in any other will, the primary question is in view of all the circumstances, one of intent. The general principle of law is, if possible, to ascertain and give effect to that intent.   *Boardman Pet.* 16 R. I. 131.

The testatrix, at the time of her death, was a resident of this State.   As is said in *Eidman* v. *Martinez*, 184 U. S. 578, 581, in discussing the rights of a foreign state to tax the personal property of non-residents:   "It is still the law that

personal property is sold, transmitted, bequeathed by will and is descendible by inheritance according to the law of the domicile and not by that of the *situs.*" In *Cross* v. *United States Trust Co.*, 131 N. Y. 330, the court said: "It is a general and universal rule that personal property has no locality. It is subject to the law of the owner's domicile as well in respect to a disposition of it, by act *inter vivos*, as to its transmission by last will and testament, and by succession upon the owner dying intestate."

In *Fellows* v. *Miner*, 119 Mass. 541, 544, GRAY, C. J. says: "But the testator's domicile being in this Commonwealth the question of the validity of his disposition of his personal property, though to be executed elsewhere, is to be determined by the law of Massachusetts."

The testatrix is presumed to have made her will in accordance with the existing laws of this State. *Missionary Society* v. *Pell*, 14 R. I. 456.

In *Kingsbury* v. *Bazeley*, 75 N. H. 13, the court said: "In a gift of a pecuniary legacy of a certain amount, the apparent intention is to benefit the legatee to the full amount named. If such will is to be administered by the law of a jurisdiction, imposing no inheritance tax, or none upon the class to which the legatee belongs, the purpose to transmit the full amount to such legatee would seem clear when the will is read in the light of the law by which it is to be given effect. The conclusion that a less sum was intended because at the time of the testator's death some portion of his property happened to be within a jurisdiction imposing a tax upon such a transfer seems strange and illogical."

(2)   In *Re Hartman's Estate*, 70 N. J. Eq. 664, 667, the court in discussing the right both of the State of the domicile and the State where the property is located, says: "The great weight of authority favors the principle . . . that as to personal property its situs for the purpose of a succession tax, is the domicile of the decedent, and the right to its imposition is not affected by the statute of a foreign state which subjects to similar taxation such portion of the per-

sonal estate of any non-resident testator, as he may take and leave there for safe keeping, or until it should suit his convenience to carry it away."

If it be true that such taxation by a foreign state is immaterial when the law of the State of the domicile also imposes such a tax it must be equally true when the state of the domicile has no statute imposing such a tax.

In *Callahan* v. *Woodbridge,* 171 Mass. 595, 597, the court says: "The legal right of the Legislature to make such a provision in regard to the property of a non-resident owner rests upon the fact that the property is within the State and subject to its jurisdiction. . . . It covers the property within the jurisdiction. A ground for its exercise is that the property has the protection of our laws and that our laws are invoked for the administration of it when a change of ownership is to be affected."

As is stated in *Kingsbury* v. *Bazeley, supra:* "As the foreign tax depends upon the jurisdiction over the property, and is not sustainable as a regulation of the exercise of testamentary power, by the citizen of another state, it follows that the tax is merely a charge upon the particular property, and not upon pecuniary legacies given by the will."

The only reason therefore for the executors paying the tax was the necessity of getting control of the property. Under the common law such a charge was proper as an expense of administration.

In *Perry* v. *Meddowcroft,* 4 Beav. 204, "The executors had incurred costs, charges and expenses in getting in some costs due to the testator, and which had been specifically bequeathed. The executors presented a petition for reference to inquire whether they had properly incurred any costs, charges and expenses in respect of these matters; and the question was whether these expenses ought to be borne by the general estate, or by the specific legatee out of his legacy. The Master of the Rolls said: "I consider it part of the duty of the executors to get in all the testator's estate, whether specifically bequeathed or otherwise; and I know of no

instance in which the expenses have not been paid out of the general estate, as part of the expenses of administration.''

It is the ordinary duty of an executor or administrator to collect and get in the assets of the estate. *Grinnell* v. *Baker*, 17 R. I. 41, 49; *Hendrick* v. *Probate Court*, 25 R. I. 361, 368. The gift of a residue is subject to the precedent claims upon the estate. It is a gift of what remains after the debts and legacies are paid. *Petition of Mathewson*, 12 R. I. 145; *Nickerson* v. *Bragg*, 21 R. I. 296, 298.

The only case directly in point upon the question presented that has come to our attention is *Kingsbury* v. *Bazeley*, 75 N. H. 13, *supra.* That case covers practically the same question as here. There the testatrix was a domiciled resident of New Hampshire which had a 5% collateral inheritance tax. The will provided: ''And I further direct that my executors pay from my estate any and all inheritance and succession taxes that may become due upon any legacies given by this will to individuals, so that said legatees may be benefited to the full amount of their respective legacies.'' Part of the estate was money or personal property in Massachusetts which it was necessary to get in order to pay the legacies, and upon which there was a tax of 5%. The question arose as to whether this tax was to be deducted from a pecuniary legacy (which was not given to an individual and did not come within the provisions of the will as to payment of inheritance taxes), or whether it was a proper charge against the estate. The court, on the ground that this matter was regulated purely on the basis of the domicile of the testator held that the amount could not be deducted from the legacies. At p. 17, the court, PARSONS, C. J., says: ''In a gift of a pecuniary legacy of a certain amount, the apparent intention is to benefit the legatee to the full amount named. If such will is to be administered by the law of a jurisdiction imposing no inheritance tax, or none upon the class to which the legatee belongs, the purpose to transmit the full amount to such legatee would seem clear when the will is read in the light of the law by which it is to be given

effect. The conclusion that a less sum was intended,
because at the time of the testator's death some portion of
his property happened to be within a jurisdiction imposing
a tax upon such a transfer, seems strained and illogical.   The
sole ground upon which the collection of such tax by the
state of the locus of the property, when different from
that of the testator's domicile, can be sustained is the
jurisdiction over the property which is given by its situs.
*Gardiner* v. *Carter*, 74 N. H. 507, 69 Atl. 939; *Callahan* v.
*Woodbridge*, 171 Mass. 595, 597, 51 N. E. 176.   To hold that
the effect of the foreign law is to reduce the legacy given by
the will construed in accordance with the law of the testator's
domicile is to permit the foreign law to regulate the testa-
mentary capacity of a citizen of this state.   But the foreign
law cannot extend beyond the jurisdiction which created it.
If the rights in controversy depend upon the foreign law,
those rights are determined in accordance with that law.
*MacDonald* v. *Railway*, 71 N. H. 448, 52 Atl. 982, 59 L. R. A.
448, 93 Am. St. Rep. 550.   But when the right involved
depends not upon the foreign law, but upon that of the forum,
the foreign law is immaterial and incompetent upon the
question at issue.   'It is obvious that the state has no juris-
diction over the right of succession which accrues under
the law of the foreign state.   That is something in which
this state has no interest and with which it is not concerned.'
*In re Bronson*, 150 N. Y. 1, 8, 44 N. E. 707, 34 L. R. A. 238,
55 Am. St. Rep. 632.

"As the foreign tax depends upon the jurisdiction over the
property, and is not sustainable as a regulation of the exercise
of testamentary power by the citizen of another state, it
follows that the tax is merely a charge upon the particular
property and not upon pecuniary legacies given by the will.
That the foreign state may regulate the amount of the
imposition made by it, or determine whether it will make any
at all, by the character of the legacies given by the will
is immaterial.   Having jurisdiction over the property, it
is for such state alone to determine upon what basis it will

exact payment. While in giving effect to a foreign will
courts are governed by the law of the testator's domicile,
it has never been held that in the administration of an
estate the courts of the testator's domicile would be governed
by the law of the situs of personal property. The estate
within the control of the court is to be administered according
to the law of the state. The property to be administered
(3) embraces all that was originally within the state, or that the
executor has been able to find elsewhere and bring here.
Whatever sums the executor may be obliged to pay to bring
the property within the state merely reduce the amount
within the control of the court."

The reasoning of this case commends itself to us as sound,
convincing and applicable to the case at bar.

*Williams* v. *Herrick*, 18 R. I. 120, cited by appellants, is
not in point. In that case a testator gave all his estate after
the payment of debts and funeral expenses to his widow for
life with remainder over. Upon the question of the settle-
ment of the account of the administrator, the court said
"although the taxes are payable out of the income, yet
inasmuch as the property of the estate is assessable by
statute to the administrator, Pub. Stat. R. I. Cap. 42, §§ 12,
13, we think that the taxes are properly charged in the
administrator's account. When the income is paid to Mrs.
Olney it will devolve upon the administrator to see that the
taxes and any other expense payable out of income, are
properly deducted from the income so paid to her."

Appellants also cite *Fitzgerald* v. *R. I. Hospital Trust Co.,*
*Trustee, et al.,* 24 R. I. 59. In this case a fund was bequeathed
in trust to pay over the income less charges to Fitzgerald and
upon his decease the principal of the trust fund was to be dis-
posed of as part of the residue of the estate. The war revenue
act of June 13, 1898, in Section 29, made subject to a tax any
person having in charge or trust . . . any legacy . . .
"where the whole amount of such personal property shall
exceed the amount of ten thousand dollars passing after the
passage of this act." The court said: "The main question

raised by the pleadings in the case at bar, as we understand
them, is who, for the purpose of the payment of said tax,
assessed, as it confessedly was, upon and in respect of the
life estate only, is to be regarded as the legatee; the com-
plainant, the life tenant, or the respondents, who are the
present living representatives of the contingent remainder-
men?

"We think it is clear that but one answer can properly
be given to this question; namely—the life tenant of said
fund, who is the complainant in this case."

The court also cites the act of congress of March 2, 1901,
which amends said act of June 13, 1898, and which contains
the provision that: "Any tax paid under the provisions of
Sections twenty-nine and thirty, shall be deducted from the
*particular legacy* or distributive share on account of which the
same is charged."

Counsel for the appellants also cite *Goddard* v. *Goddard*,
9 R. I. 293. In this case it appeared from the agreed state-
ment of facts that Thomas P. Ives deceased leaving a last will
and testament, duly admitted to probate, whereby he devised
all his shares in the capital stock of the Lonsdale Company,
a corporation, to three cousins, of whom the defendant was
one, and to the survivor of them, share and share alike. His
executors paid taxes upon these shares to the United States,
and this suit was brought to determine the question whether
said legacy taxes were properly chargeable to the shares in the
capital stock of the Lonsdale Company, or to the defendant.
The statute, approved July 1, 1862 (12 U. S. Stat. at Large,
Ch. 119, § 112), provided for receipts to be given by the
collector or deputy collector, upon payment of the duty or
tax, which shall be sufficient evidence to entitle the person
who paid such duty or tax, as having taken the burden or
trust of administering the estate, "to be allowed for such
payment by the person or persons entitled to the beneficial
interest in respect of which such tax or duty was paid."
The statute of 1862 was superseded by a statute approved
June 30, 1864 (being the statute under which the duty in

question is claimed to have been paid), in which the provision above quoted is omitted. An amendatory statute, approved July 13, 1866, provides that any tax paid under the provisions of the statute of 1864, relating to this subject, "shall be deducted from the particular legacy or distributive share in account of which the same is charged." The court said (p. 297): "The defendant finds in the omission from the statute of 1864, of the words above quoted from the statute of 1862, and in the amendment of 1866, grounds for an argument, that under the statute of 1864, as it existed prior to the amendment of 1866, the legacy duties were a charge upon the estate at large, and payable out of the residue. But we think the omission and the amendment permit no sufficient warrant for such a construction. The omitted provision relates to the credit to be given to the receipt of the collector or deputy collector as evidence in the settlement of the estate, and only incidentally, as it were, indicates that the duties are chargeable to the persons entitled to the beneficial interest in respect of which they were paid,—significantly differing, in this respect, from the amendatory provision of the statute of 1866. We see no reason for supposing that the language referred to was omitted from the statute of 1864, in any other view than because it was supposed to be superfluous or undesirable for the purpose for which it was originally introduced. We think that under the statute of 1864, notwithstanding the omission, the duties paid in respect of any particular legacies are, as between the executor and the legatees, in the settlement of the estate, to be deducted from the legacies in respect of which they have been paid, or charged to the legatees, respectively, who are entitled to such legacies; and that the amendment of 1866, was simply declaratory, being designed to obviate any doubt or question in regard to the construction."

In this case the tax was imposed by a statute of the United States. It is not to be doubted that the United States has power to impose a tax upon legacies, given by a domiciled inhabitant in any state or territory and to provide that the

tax shall be deducted from the particular legacy or distributive share on account of which the same is charged.   This is a very different matter from the imposition by the statute of one state of a tax upon a legacy given under the laws of a sister state, by the will of a domiciled inhabitant of said sister state.   In such case the statute has effect only because (4) certain property of the testator happens at the time of his death to be, not within the state of his domicile, but within the state whose statute imposes the tax.

The tax imposed by the Massachusetts statute depends entirely upon the jurisdiction over the property by reason of its situs within that state.   Said statute cannot regulate the exercise of testamentary power by a domiciled inhabitant of another state.   The tax therefore is simply a charge upon the particular property within the jurisdiction of the state whose statute imposes the tax.   That the state where the property is situated can regulate the amount of the tax to be imposed by the character of the gifts made by the will, is immaterial.   Its statute has no extra territorial power and cannot regulate the administration of the estate and the distribution of the property in the state of the testator's domicile.

Our decision is that the amount paid by the executors on account of the inheritance tax imposed by the Massachusetts law in order to get possession of the assets of the estate, cannot be deducted by the executors from the amount of the pecuniary legacies bequeathed by the testatrix, but that the same is a proper expense of administration, necessarily incurred by the executors in the performance of their duty in collecting and getting in the property belonging to the estate.

The papers in the cause with our decision certified thereon are sent back to the Superior Court for Newport County with direction to enter a decree dismissing the appeal and confirming the decree of the Probate Court.

*William MacLeod,* for appellants.
*Sheffield and Harvey,* for appellees.