Argued June 15; affirmed July 17, 1934

In re Klose's Estate
UNITED STATES NATIONAL BANK OF
PORTLAND *v.* HOLMAN
(34 P. (2d) 636)

*David S. Husted,* of Portland (I. H. Van Winkle, Attorney-General, on the brief), for appellant.

*Otto J. Kraemer,* of Portland (Chamberlain, Thomas & Kraemer, of Portland, on the brief), for respondent.

BELT, J. This is an appeal from an order determining the amount of inheritance tax due from the estate of Alois Klose, deceased. Alois Klose, a resident of Multnomah county, Oregon, died testate June 8, 1931, leaving an estate valued at approximately $140,000. After the first inventory of the estate was filed, the executor was apprised of the fact that decedent, at the time of his death, had on deposit in a bank in Germany the sum of $15,000. The executor made demand for the amount of the deposit, but the bank was enjoined from paying the same by Gertrude Klose, a niece of the decedent, who claimed the money by virtue of the following writing:

"I hereby declare that in the event of my death all moneys deposited in my name (on time or check account) with the Branch of the Deutsche Bank in Frank-

furt a M. are to be paid to my dear niece, Gertrud Klose, daughter of my brother, Robert Klose. This is in recognition of her devoted care and attention.

"Alois Klose."

It is immaterial whether the above instrument answered the requirements of the law of Germany in reference to holographic wills, since the decedent subsequent to the execution thereof made a codicil to his will which was duly admitted to probate. By fair inference it appears from the record that the niece in Germany also claimed the bank deposit as compensation for services rendered. This controversy between Gertrude Klose and the executor finally resulted in an order of court authorizing settlement of the pending litigation as follows:

"* * * that the executor herein be, and it is hereby, authorized to settle the claim and litigation in the petition referred to by permitting Gertrud Klose to have out of the deposit with the Deutsche Bank and Disconto Gesellschaft Filiale Frankfurt-am-Main Germany the equivalent of $5,000.00, which said $5,000.00 shall not be considered as a part of any bequest made by the deceased to the said Gertrud Klose, but shall be in addition to all other bequests made, and as she is to have a portion of the Estate, shall have as a legatee her portion of the balance of the deposit with the German Bank. Gertrud Klose is to have the injunction dissolved forthwith, and all Court costs are to be shared equally, Gertrud Klose to pay one-half thereof and the Estate the remaining one-half. The claimant is to pay her attorney and the Estate is to pay its attorney."

Pursuant to the above order of settlement and compromise, Gertrude Klose withdrew $5,000 of the bank account and the balance thereof was reported by the executor as an asset of the estate.

The State Treasurer filed objections to the determination of the inheritance tax asserting that error was committed in excluding as a part of the net taxable estate the sum of $5,000 (21,061 RM) and denied that any order was ever made authorizing the payment of such sum to Gertrude Klose. As an alternative objection the State Treasurer alleged that:

"* * * should the executor herein allege and prove that such payment of such sum had been made and should the court find in accordance therewith and should further find that such sum was not a necessary or proper part of the Inventory herein, the State Treasurer alleges that such sum was transferred by Alois Klose to Gertrud Klose in contemplation of or intended to take effect in possession and enjoyment at or after his death."

The executor, answering the objections of the State Treasurer, alleged facts showing the controversy relative to the bank account, the pending litigation in Germany relative to the same, the compromise agreement, and the order of the court authorizing payment to Gertrude Klose in the sum of $5,000. The executor further alleges that he "could make the compromise above referred to and avoid ancillary probate proceedings in Germany and obtain a limited control over the checking account in the Berlin bank only on condition that the total amount withdrawn by Gertrude Klose from the bank account in Germany should not be considered as a part of any bequest made by the deceased to said Gertrude Klose but that it should be in addition to all other bequests made and that she was to have as a legatee her portion of the balance of the deposit with the German bank and your executor obtained permission of the above entitled court to make such settlement and did make such settlement

and through such settlement the injunction obtained in Germany and above referred to was dissolved.''

The executor alleged as a conclusion of law that the entire amount of the bank account should be eliminated in the determination of the inheritance tax for reasons which will be hereafter considered.

We are advised by counsel for the state that a reply was filed denying the new matter alleged in the answer, but it is not in the record.

The trial court made the following findings of fact:

''The Court finds that the executor never came into possession of the 21,061 RM in controversy, and that it never had any control thereof, and that it could never have received the 46,039 RM for which it has accounted had it not adjusted matters by compromise with one Gertrud Klose of Germany, a claimant for the whole 67,100 RM with accumulated interest to June 30, 1931, amounting to an additional 1,008 RM. The Court finds that the conditions outlining the claim of Gertrud Klose are fully and truthfully set forth in a petition heretofore filed in the above entitled Court asking authority to compromise the said claim, and the Court finds that the order entered therein was in accord with the facts and fully and clearly sets forth the exact conditions of the compromise.

''The Court finds that no funeral expenses or expenses of the last sickness have been paid by the executor, but that Gertrud Klose paid all the funeral expenses out of the RM paid her, which were the equivalent of $5,000.00, and that the funeral expenses were approximately 2,000 RM.

''The Court finds that the remaining 46,039 RM in the said bank account in Germany are subject to an inheritance tax in Germany, and that after the said inheritance tax is paid, the said account cannot be removed from Germany because of the laws, rules and regulations of Germany; but the Court finds that said checking account can be used for the paying of legatees

who reside in Germany, and that the legatees in Germany do receive about eighty per cent of the estate, and that it will require more than the checking account in Germany to pay such legatees, and that the executor in Oregon will get credit for whatever amount may be disbursed to legatees in Germany. For that reason, the Court finds that the situs of the bank account is not in Germany, but that it is in Oregon, and the Court finds that although the said bank account must pay an inheritance tax in Germany, it will not be double taxation and in violation of the 14th Amendment of the Constitution of the United States if the State of Oregon imposes an inheriance tax on the balance of said checking account.

"The Court further finds that in addition to the inheritance tax that must be paid the German government, the German bank, having control of the account, deducted as necessary expenses all the items set forth in the answer of the executor to the amended objections of the State Treasurer herein, which said disbursements total 1,800.66 RM. The Court finds that the value of RM at that time was .2374c each, and the Court finds that the 1,800.66 RM were worth $427.48 at the time of the demise of Alois Klose in June, 1931."

Based on the above findings it was ordered and adjudged that the objections of the State Treasurer relative to failure to impose tax on $5,000 be overruled and that the balance of the bank account was subject to an inheritance tax, authorizing a deduction for funeral expenses and bank charges.

The State Treasurer appeals and the executor files a cross appeal.

■ Did Oregon, in the light of the record, have the right to impose an inheritance tax on this bank account in Germany owned by a person who, at the time of his death, was a resident of this state? Does the ancient maxim, "Mobilia sequuntur personam", apply to the facts in this case? In the discussion of the legal

question presented we shall assume that the facts are as found by the trial court since no transcript of the evidence is here. Error will not be presumed. We are not unmindful, as counsel for the State suggests, that this is a trial de novo. It is submitted, however, that this is a court of review and the decision will be based on the record before it and not upon statements made by counsel in oral argument or in the briefs.

■ While there was considerable confusion and conflict in the earlier federal decisions relative to the taxable situs of intangible personalty, it is now well established that the domiciliary state has, as a general rule, the exclusive right to impose an inheritance tax on such property: *Blodgett v. Silberman,* 277 U. S. 1 (48 S. Ct. 410, 72 L. Ed. 749) ; *Farmers Loan & Trust Co., v. Minnesota,* 280 U. S. 204 (50 S. Ct. 98, 74 L. Ed. 371, 65 A. L. R. 1000) ; *Baldwin v. Missouri,* 281 U. S. 586 (50 S. Ct. 436, 74 L. Ed. 1056, 72 A. L. R. 1303) ; *Beidler v. South Carolina Tax Commission,* 282 U. S. 1 (51 S. Ct. 54, 75 L. Ed. 131) ; *First National Bank v. Maine,* 284 U. S. 312 (52 S. Ct. 174, 76 L. Ed. 313, 77 A. L. R. 1401). Such rule was applied by this court in the well considered case of *Haas v. Holman,* 143 Or. 141 (21 P. (2d) 795), wherein the trend of the United States Supreme Court decisions relative to the taxation of intangible personal property was reviewed. A bank account is intangible personalty. Hence, we may assume, in the light of the federal decisions above cited, that had this bank account been in any state of the Union—eliminating the question of compromise settlement—the exclusive right to impose an inheritance tax on the same would be vested in this state. Is the rule to which attention has been directed inapplicable by reason of the fact that the bank account is in Germany?

Counsel for the executor of the estate do not question the general rule, but assert that it has no application to the facts in this case. It is argued that since the bank account in Germany cannot, under existing rules and conditions, be withdrawn from that country it has lost its character as a chose in action and "has taken on the qualities of physical property". We appreciate that the maxim "mobilia sequuntur personam" is merely a legal fiction and must yield to the facts in any case wherein it is shown that actual control and dominion over the intangible personalty is elsewhere than the domicile of the decedent. The Supreme Court of the United States refused to apply the general rule in *Safe Deposit and Trust Company v. Virginia,* 280 U. S. 83 (50 S. Ct. 59, 74 L. Ed. 180, 67 A. L. R. 386). In that case a citizen of Virginia transferred certain stocks and bonds to a Maryland trust company in trust for his two minor sons. After each son attained 25 years of age, the trustee was to pay him one-half of the principal and accumulated income. In reversing the Court of Virginia which followed the principal "mobilia sequuntur personam", the United States Supreme Court said:

"Here, where the possessor of the legal title holds the securities in Maryland, thus giving them a permanent situs for lawful taxation there, and no person in Virginia has present right to their enjoyment or power to remove them, the fiction must be disregarded. It plainly conflicts with fact; the securities did not and could not follow any person domiciled in Virginia. Their actual situs is in Maryland and can not be changed by the cestui que trust."

An exception to the general rule exists where intangible personal property is used and controlled in a state other than the domicile of the decedent for the

purpose of carrying on business. Under such circumstances the "business" situs becomes the place of taxation. As said in *Safe Deposit & Trust Co. v. Virginia,* supra:

"Intangible personal property may acquire a taxable situs where permanently located, employed and protected. New Orleans v. Stempel, 175 U. S. 309; Bristol v. Washington County, 177 U. S. 133; State Board of Assessors v. Comptoir National d'Escompte, 191 U. S. 388; Metropolitan Life Ins. Co. v. New Orleans, 205 U. S. 395; Liverpool & L. & G. Ins. Co. v. Orleans Assessors, 221 U. S. 346."

In the instant case we think the facts, so far as they pertain to the $10,000 balance of the bank account, do not justify a departure from the general rule that the tax situs is the domicile of the decedent. The mere fact, if it be a fact, that the money could not be withdrawn from the German bank is immaterial. There was no need to transfer the money to this country. Much more than the balance in the bank account was required to pay the residuary legatees who resided in Germany. The executor has not lost control and dominion over the fund. As a matter of fact, it is only by virtue of the administration of the estate that this money will be distributed to the legatees named in the will. It is rather inconsistent for the executor to urge that it has no control over the balance of this bank account and then allege in answer to the objections of the State Treasurer that "it could never have received the 46,039 RM ($10,000) for which it has accounted had it not adjusted matters with the claimant". An inheritance tax is a charge or toll which the State makes upon the right to transmit or to receive property on the death of the owner. The $10,000 in question will pass through the "toll gate" and those who receive property by virtue of the administration of the estate must

pay a tax in proportion to their distributive shares. We do not look with favor upon any rule which would permit a resident of this state to accumulate property and enjoy the protection of the government and then, while within the shadow of the grim reaper, transfer personal property of intangible character to some foreign country for the purpose of enabling his heirs or beneficiaries of his estate to avoid paying an inheritance tax in the state of decedent's domicile. As said in *Eidman v. Martinez,* 184 U. S. 578 (22 S. Ct. 515, 46 L. Ed. 697), although the case is not in point on the facts:

"* * * the practice of all civilized nations is to recognize the law of the domicil as governing the transmission and inheritance of personal property, and to prevent the confusion that would follow, if estates, situated possibly in half a dozen countries, were administered and distributed according to the laws of each country in which any portion of such estate happened to be located."

Also see *Frothingham v. Shaw,* 175 Mass. 59 (55 N. E. 623, 78 Am. St. Rep. 475).

*In re Bennett's Estate,* 203 N. Y. S. 622, is the only case cited which is squarely in point. In that case decedent was a resident of New York where his will was admitted to probate. He also left a will in France which was probated disposing of property there. The court held that the legacies payable out of the estate in France were subject to the New York transfer tax.

■ The imposition of the Oregon inheritance tax is not repugnant to the due process provisions of the Fourteenth Amendment of the Constitution of the United States. We are not considering a case where there has been multiple taxation as between different states. This is a case dealing with the right of taxation

as between a state and a foreign country. The fact that Germany has also imposed an inheritance tax upon the money on deposit in that country creates no limitation upon the right of the state to impose a tax. The Federal Constitution has no application. The question as to whether there should be a deduction of the inheritance tax imposed by Germany is not before this court for decision.

■ In our opinion, the lower court was right in excluding from taxation the $5,000 which Gertrude Klose was permitted to withdraw from the bank. This money was not paid to her as a part of her legacy. It did not pass through the "toll gate". The compromise agreement provided that this sum "shall not be considered as a part of any bequest made by the deceased to the said Gertrud Klose but shall be in addition to all other bequests made.  *  *  *." She received this money in settlement of her claim against the estate. The reasons for subjecting the $10,000 balance of the bank account to the tax do not apply to the amount paid to the niece pursuant to the order of compromise.

The decree of the lower court in the determination of the tax is affirmed.

ROSSMAN, CAMPBELL, and BAILEY, JJ., concur.