JAMES W. KING AND J. P. O. LOWNSDALE, ADMINISTRATORS OF ESTATE OF WM. M. KING, DECEASED, RESPONDENTS, v. HAMILTON BOYD, APPELLANT.

OBJECTIONS NOT WAIVED BY FILING ANSWER.—Objections to the jurisdiction of the Court and to the sufficiency of the complaint to constitute a cause of suit, are not waived by answer to the merits.

ADMINISTRATOR—AUTHORITY TO SUE.—An administrator has no authority to institute a suit to set aside a conveyance of real estate made by his decedent in his lifetime, without leave first had and obtained from the County Court or Judge thereof.

IDEM—RIGHT TO POSSESSION OF REAL ESTATE OF DECEDENT.—The right of an administrator to the possession of the real estate of his decedent is temporary, and is limited to the purposes of administration. It would be an unsafe rule to allow an administrator of an estate upon his own motion and without any showing of a necessity therefor, for the purposes of administration, to engage in litigation concerning the title to the realty of an estate. In such cases the heirs at law are the real parties in interest, and should be allowed to control such litigation.

APPEAL from Multnomah County.

On the 9th day of November, 1869, Wm. M. King, a res-
ident of the city of Portland, died intestate, and respond-
ents, James W. King and J. P. O. Lownsdale, were, on the
4th day of February, 1870, duly appointed administrators
of his estate.

On the 8th day of October, 1869, said Wm. M. King, for
the expressed consideration of $3000, conveyed by deed of
warranty lots Nos. 1, 2, 3 and 4 in block No. 221, in the
city of Portland to appellant Boyd.

Respondents allege that appellant fraudulently obtained
the execution of said deed; that said King at the time of
such execution was very old and infirm, both in body and
mind, and was so imbecile in mind that he was not legally
capable of contracting or of properly transacting business.
That appellant Boyd, well knowing the same, took advan-
tage thereof to overreach and defraud said Wm. M. King
out of said lots, and that in fact he only paid thereon the
sum of about $136.66, the same having been paid by appel-
lant since the death of said Wm. M. King for certain im-
provements on a street adjacent to said lots. Respondents
further allege that the price agreed to be paid by said Boyd
for said lots was greatly inadequate; said lots being at the
time of said pretended sale worth $5000. That before the
commencement of this suit they (respondents) tendered to
said Boyd the sum of $136.66, paid out by him as afore-
said, with interest thereon since the date of said deed, and
demanded a reconveyance of said lots, all of which appel-
lant refused.

The complaint concludes with a prayer for a decree of
the Court setting aside said deed as fraudulent and void, etc.

The defendant demurred to the complaint on the grounds
that (1) it does not state facts sufficient to constitute a cause
of action, and (2) it appears from the complaint that the
plaintiffs have not legal capacity to sue.

This demurrer was overruled by the Court, and defendant
filed his answer, denying substantially the material allega-
tions of the complaint. The issues of fact were submitted

to a jury, which returned a special verdict in favor of the plaintiffs, on which a decree was rendered by the Court for the relief prayed for in complaint.

Defendant appealed, assigning errors as occurring during the course of the trial, but upon the argument in this Court relied only on the questions of law raised by the demurrer, which it is claimed were not waived by the answer.

*D. Logan,* for Appellant.

It does not appear from the pleadings or evidence that Boyd was ever in possession of the property in controversy, or that he ever kept respondents out of possession or from taking possession.

At common law administrators have no concern with the real estate of their intestate. So far as they have or ever had any control over real estate, it is in consequence of positive enactment. (3 Ohio, 556.)

The first modification of the common law gave the administrator power to sell the real estate for the payment of debts; but this power (Civ. Code, § 1113) gives no right to its possession or control by the administrator (16 N. Y. 281, 283). Our statutes have given this additional right to the executor or administrator (Civ. Code, § 1088).

But this provision only gives a possessory right to the administrator for the purposes of the administration. The seizin is in the heirs from the moment of the death of the intestate, subject to the possession of the administrator, and to be divested by a sale for the payment of debts, as clearly appears from § 1160 of the Civil Code: "The real property of the deceased is the property of those to whom it descends by law, or is devised by will, subject to the possession of the executor or administrator, and to be applied to the satisfaction of claims against the estate, as in this chapter provided."

Thus, with the exception thus stated, the special character of the administrator, as known to the common law and familiar statutes, is still preserved. Beyond the rights of action that may arise to the administrator from the right to the possession and control, his rights and powers must

remain the same as they were before, and as he could not previously maintain an action, either in law or equity, for the recovery or maintenance of either possession or title, so his right to the possession only enlarges his right of action to that extent; and it must still be held not his province to vindicate or clear up, or remove adverse claims to title. (*Smith* v. *McConnell*, 17 Ill. 142; 23 Mo. 99; *Streeter* v. *Patton*, 7 Mich. 350; 11 Id. 382.)

An administrator suing must have a cause of action *as administrator*. He does not represent the heirs or their interests. He has but a naked interest in the possession of the real estate coupled with a power to sell. His duties are strictly limited and defined, and his rights of action cannot be broader.

*Hill, Thayer & Williams, and J. H. Reed,* for Respondents.

This suit is properly brought by the administrators, they being entitled to the possession and control of the real as well as the personal property of the deceased until administration is complete. (Civil Code, § 1088; *Curtis* v. *Sutter*, 15 Cal. 259; *Teschemacher* v. *Thompson*, 18 Cal. 20; *Harwood* v. *Marye*, 8 Cal. 580.)

By the Court, BONHAM, J.:

Although after the overruling of the demurrer, an answer filed in this case and a trial had upon the merits, resulting in favor of the claim of respondent, yet it is conceded that if the demurrer was in the first place well taken, it may be insisted upon, and would operate as a reversal and a dismissal of this cause upon appeal. (Civil Code, § 70.)

The question in this case is, has an administrator authority, by virtue of his office or position as such, to litigate questions of title, concerning the real estate of his decedent, upon a showing such as is set out in plaintiff's complaint?

It is claimed by counsel for respondents that an administrator has such authority, derived from § 29 of the Civil Code, and from the other sections of the statute, cited by

them in their brief, defining the powers and duties of executors and administrators. On the other hand it is urged, by counsel for appellant, that the only authority over or concern with the real estate of his decedent which an executor or administrator possesses is derived from statute, and is limited to his right to the temporary possession of the same during the course of administration for the purpose of preserving the land from waste, with the right to temporarily lease the same and collect the rents and profits, and, if necessary, after exhausting the personal assets, upon a proper showing, to obtain an order from the County Court to sell the same, or so much thereof as may be necessary to pay claims against the estate and expenses of administration.

The authority of an executor or administrator, over the real estate of his decedent, being in derogation of the common law, we think is, and ought to be, strictly limited to his rights and powers as created and defined by statute. And we think it would be an unwise and unwarranted construction of the authority of executors or administrators to infer from any language found in the statute on that subject that they might, upon their own motion, institute suits to set aside conveyances, or remove clouds from titles to real estate, without any showing as a condition precedent, that the possession of the same was wrongfully withheld, or that there was any necessity for selling the same, or any part thereof, to satisfy claims against the estate.

The *rule*, as declared by our Practice Act, and conclusively sustained by reason, is that all actions or suits shall be prosecuted in the name of the real party in interest. There can be no question about the wisdom of this rule, and it should be strictly adhered to in all cases which do not come within the exceptions to it, as declared by statute.

No one is better qualified to litigate the title to real estate than the person who owns it. An administrator who has no direct interest in the result of a suit, who personally loses nothing if the suit be injudiciously instituted and adversely determined, is not as safe a person to entrust with the right to litigate as he who is the owner of the property

which is the subject of litigation and the one who must suffer if the determination of the cause be adverse to him. A due regard for the rights of both heirs and creditors of estates, we think, demands that the limitations of our statute, on the authority of executors and administrators, to institute suits, affecting the title to real estate, should be carefully guarded so that estates may not be subject to be consumed by the costs and expenses of ill-advised lawsuits.

In this case, whatever the facts may have been, so far as anything appears in the pleadings, or any of the proceedings, Boyd, the appellant, never wrongfully or otherwise withheld the possession of the land in controversy from the administrators, and there was no occasion or necessity for the sale of the same, or any part thereof, to pay claims against the estate. In the absence of any showing, by the administrators, that there was some necessity for their interference with the lots in question, for some purpose of administration, recognized by the statute, they had nothing to do with the same, and it was by the law the absolute property of the heirs of Wm. M. King, to whom it descended.

But there is another provision of our statute on this subject which is not referred to in the briefs of counsel which we think is conclusive of this case. Section 1135 of the Code reads: "Whenever the assets of the estate are insufficient to satisfy the funeral charges, expenses of administration, and the claims against the estate, and the deceased shall in his lifetime have made or suffered any conveyance, transfer or sale of any property, real or personal, or any right or interest therein with intent to delay, hinder or defraud creditors, or when such conveyance, transfer or sale has been so made or suffered, that the same is void in law as against creditors, or when the deceased in his lifetime has suffered, consented or procured any judgment or decree to be given against him with such intent, or in such manner as to be likewise void, it is the duty of such executor or administrator to make application by petition to the County Court or Judge thereof for leave to commence and prosecute to final judgment or decree, the necessary and proper

actions, suits or proceedings, to have such conveyance, transfer, sale, judgment or decree declared void, and the property affected thereby discharged from the effect thereof." (Civ. Code, §§ 1136, 1137.)

The object and effect of § 1135 of the Code as above quoted, we are clearly of the opinion is to declare that an executor or administrator shall not, upon his own motion, and without any showing of a necessity therefor, for the purposes of administration, institute or maintain suits to determine questions affecting the title to the real estate of decedent.

We think that appellant's demurrer was well taken, for the reason that the complaint does not state facts sufficient to constitute a cause of suit in respondents as administrators of the estate of Wm. M. King, deceased. And the decree of the Court below should be reversed and this cause dismissed without prejudice.