Argued June 6; reversed June 13; rehearing denied July 6, 1939

# D'ARCY *v.* SNELL, ET AL.

## (91 P. (2d) 537)

In Banc.

*Dean H. Dickinson*, of Portland, and *Willis S. Moore*, Assistant Attorney General, of Salem (I. H. Van Winkle, Attorney General, on the brief), for appellants.

*Rogers Mac Veagh*, of Portland, for respondent.

KELLY, J. The facts in this case are set forth in a written stipulation, and are as follows:

"First: That defendant Earl Snell is and at all times hereinafter mentioned was the duly elected, qualified, and acting Secretary of State for the State of Oregon, and that defendant Rufus C. Holman is and at all times hereinafter mentioned was the duly elected, qualified and acting State Treasurer of the State of Oregon.

Second: That Peter H. D'Arcy died testate in Salem, Marion County, Oregon on October 6th, 1933; that by his will he bequeathed five dollars ($5.00) to his brother, W. J. D'Arcy, the petitioner, and subject and subsequent to such bequest, bequeathed and devised all the rest, residue, and remainder of his property to his sister, Teresa E. D'Arcy, naming her executrix without bond; that Teresa E. D'Arcy thereupon entered upon administration of her said deceased brother's estate; that W. J. D'Arcy was paid, and receipted for, his legacy; but that, before said estate was closed Teresa E. D'Arcy died, on March 31st, 1936.

Third: That before Teresa E. D'Arcy's death, to-wit on July 25, 1934, inheritance taxes claimed to be due from her to the State of Oregon as residuary legatee and devisee of Peter H. D'Arcy were determined by the County Court of Marion County, Oregon, and paid by her in the net amount of sixteen thousand five hundred seventy-three and 57/100 dollars ($16,573.57), and that defendant Rufus C. Holman, as Treasurer of the State of Oregon, accepted the same in full discharge of such taxes.

Fourth: That Teresa E. D'Arcy died intestate, leaving as her sole heir W. J. D'Arcy, and that there-

after W. J. D'Arcy was, on April 3rd, 1936, appointed by the County Court of Marion County, Oregon, administrator of her estate; that thereafter W. J. D'Arcy was, on April 4th, 1937, by an order erroneously dated March 4th, 1936, appointed by the County Court of Marion County, Oregon, administrator with the will annexed of the state of Peter H. D'Arcy.

Fifth: That the estate of Peter H. D'Arcy has not, to the date of this stipulation, been closed, nor has any final account of W. J. D'Arcy, as such administrator with the will annexed, been filed; that the date of hearing objections to the final account of Teresa E. D'Arcy, as such executrix, was by a series of orders of the County Court of Marion County, Oregon, extended to April 1st, 1936; and that this date fell one day after the date of her death as aforesaid.

Sixth: That W. J. D'Arcy, as administrator of the estate of Teresa E. D'Arcy, duly filed an inventory of her estate showing real property of the appraised value of $100,000.00 and showing personal property (cash in banks and household effects) valued at $20,-896.89; that W. J. D'Arcy duly filed with the Court and with the State Treasurer his inheritance tax report showing property of the estate of Teresa E. D'Arcy of the appraised values aforesaid and claiming deductions (Court costs, administrator's and attorney's fees and expenses of last sickness and funeral) amounting to $1,918.95; that inheritance taxes claimed to be due the State of Oregon in the estate of Teresa E. D'Arcy from W. J. D'Arcy, as her sole heir, were determined by the County Court of Marion County, Oregon, and paid by him in the net amount of fifteen thousand seven hundred twenty-seven and 33/100ths dollars, ($15,727.33); and that Rufus C. Holman as Treasurer of the State of Oregon, accepted the same in full discharge of such taxes and issued his official receipt therefor, dated January 23, 1937.

Seventh: That W. J. D'Arcy has heretofore, less than three (3) years from and after the date of such payment by W. J. D'Arcy, and prior to the issuance

of this writ, presented to defendant Earl Snell, as Secretary of State for the State of Oregon, a claim relating to said payment and requested him, as prescribed by the provisions of Section 10-613, Oregon Code 1930, to draw his warrant upon defendant Rufus C. Holman, as Treasurer of the State of Oregon, for the amount thereof in favor of W. J. D'Arcy as the person entitled thereto as administrator of the estate of Teresa E. D'Arcy, deceased, such warrant to be payable out of the inheritance tax fund in the hands of defendant Rufus C. Holman, as Treasurer of the State of Oregon; but that defendant Earl Snell, as Secretary of State for the State of Oregon, has refused to comply with said request.

Eighth: That the difference claimed by plaintiff herein between said amount of fifteen thousand seven hundred twenty-seven and 33/100 dollars ($15,727.33), paid by him as sole heir of Teresa E. D'Arcy to the State of Oregon by way of inheritance taxes, as already stipulated, and the amount of such inheritance taxes which plaintiff claims should have been so paid by him, amounts to the sum of fourteen thousand eight hundred six and 88/100ths dollars ($14,806.88).

Ninth: It is further stipulated and agreed that inheritance tax in the matter of the Teresa E. D'Arcy estate, No. 9209, was determined by the County Court of Marion County, Oregon, on November 2, 1936, in the amount of $2,501.56; was objected to by the State Treasurer, defendant herein, by objections filed November 30, 1936, upon the grounds; First, that Federal estate tax had been wrongfully deducted; Second, that a cash discount had been wrongfully deducted; and Third, that an inheritance tax on collateral inheritance should have been added to the inheritance tax; that the County Court of Marion County thereupon, at the request of the State Treasurer, determined inheritance taxes on November 30, 1936, and again redetermined the same on January —, 1937, likewise at the request of the State Treasurer.

Tenth: It is further stipulated and agreed that the inventory filed by Teresa E. D'Arcy, executrix of the estate of Peter H. D'Arcy, in the County Court of Marion County, No. 8527, included real property valued at $100,500.00, and that the same real property of identical description was included in the inventory and appraisement filed by W. J. D'Arcy, administrator of the estate of Teresa E. D'Arcy, deceased, and was valued therein at $100,000.00.

Eleventh: It is further stipulated and agreed that if said real property so included in the inventory and appraisement of the estate of Teresa E. D'Arcy, deceased, and valued therein at $100,000.00, had been excluded from such inventory and appraisement, the amount of inheritance tax properly payable by plaintiff, as sole heir of the said Teresa E. D'Arcy, would have been the sum of nine hundred twenty and 45/100ths dollars ($920.45)."

The question is whether that portion of the inheritance tax in the Teresa E. D'Arcy estate was erroneously paid by plaintiff, which resulted from including in her estate the $100,000 worth of real property that had been devised to Teresa E. D'Arcy by Peter H. D'Arcy.

Refund of the alleged erroneous payment is sought under the provision of section 10-613, Oregon Code 1930, which section is as follows:

"When any tax imposed by this act shall have been erroneously paid, wholly or in part, the person paying the same shall be entitled to refundment of the amount so erroneously paid, and the secretary of state shall, upon satisfactory proofs presented to him of the facts relating thereto, draw his warrant upon the state treasurer for the amount thereof in favor of the persons entitled thereto, payable from the inheritance tax fund; provided, however, that all applications for such refunding of erroneous taxes shall be made within three

years from the payment thereof." Section 10-613, Oregon Code 1930.

As stated, the alleged error claimed by plaintiff to have been committed in making payment of the inheritance tax in suit was the inclusion in the inventory of the Teresa E. D'Arcy estate of the real property devised to her by the last will and testament of Peter H. D'Arcy, deceased.

It will be noted that at the time said inheritance tax was paid by plaintiff, the estate of Peter H. D'Arcy had not been fully administered. Plaintiff argues that until the estate of Peter H. D'Arcy should be closed and his executrix or administrator discharged by the receipts of the distributees, his personal representative remained accountable for all the property of the estate —whether real, personal or mixed—and consequently, until the final settlement of the Peter H. D'Arcy estate, his devisee, as such, could receive no economic benefit from such real property; and the interest of such devisee, as such, in said real property is not even intangible personalty.

Based upon the foregoing premise that when the tax in suit was paid, Teresa E. D'Arcy, as devisee, had not received nor had her estate received any economic benefit from said devise, it is further argued that the inheritance tax is an imposition only upon the privilege of receivng a real economic benefit.

From these premises, the conclusion is urged that in the instant case, there was nothing upon which an inheritance tax could be rightfully imposed.

We are unable to concur with plaintiff in the view that immediately upon the death of Peter H. D'Arcy, Teresa E. D'Arcy received no economic benefit from

the devise to her by him of $100,000 worth of real property.

The term, economic, includes that which pertains to the satisfaction of man's needs. It is obvious that the owner of $100,000 worth of real property has a benefit with respect to his ability to satisfy his needs that one, who is without any property, does not enjoy.

In the instant case, we are not called upon to determine what, if any, refund should be made where a payment of an inheritance tax, because of devise or inheritance of real property, was made upon an appraisement of all of such real property, and, later, in the course of administration a portion thereof was sold to defray indebtedness and expense of administration. That question is not before us.

■■ ''The interest of the heir in the real estate of his ancestor is a valuable property right.'' *Stadelman v. Miner*, 83 Or. 348, 364, 155 P. 708, 712, 163 P. 585. While under the statute [Section 11-309, Oregon Code 1930] the executor or administrator is entitled to the possession and control of the property, both real and personal, until the administration is completed; the heir is still the owner of the real estate of the decedent subject by statute only to the lien of such debts as might be proved against the estate and not solvable from personalty and to the temporary possession of the administrator or executor for the purpose of administration. Ibid.

■ Under the foregoing principle, it became incumbent upon the plaintiff, as administrator of the estate of Teresa E. D'Arcy, to include in his inventory the real property in suit as being property belonging to her estate. There was no error committed when this was done. Section 11-301, Oregon Code 1930.

■ We find no authority to the effect that real estate devised to one who subsequently dies should be omitted from the inventory of the estate of such deceased devisee. The mere fact that such real estate is in the possession of the personal representative of the devisor for the purposes of administration, and is subject to the payment of such devisor's indebtedness, in case the personal property of his estate is insufficient for that purpose, is no reason for omitting such real property from the inventory of the estate of the devisee.

■ In the case at bar, there is nothing in the agreed statement of facts indicating that the estate of Peter H. D'Arcy was burdened with any indebtedness, or that any necessity could or did arise for the sale of any part of his real property in the course of the administration of his estate. Before the death of Teresa E. D'Arcy, her final account as executor of the estate of her brother was on file and a date had been set for hearing objections thereto; but she passed away the day before the date so fixed. Certainly, if proceedings were pending to sell part of the real property in suit, or even if such proceedings were in contemplation, no final account would have been filed as stated. And if any part of said real property had been sold in the administration of the estate of Peter H. D'Arcy, the inventory in the estate in suit would not have included such real property. In the absence of any showing that there was any mortgage or other lien upon said real property or that, in the course of administration, such real property or some of it had been or would have to be sold to meet claims against the estate or expenses of administration, we are justified in the conclusion that an economic benefit accrued to Miss D'Arcy upon the death

of her brother commensurate with succession to $100,000 worth of unincumbered real property.

The statute prescribes that all property within the jurisdiction of the state, and any interest therein, whether belonging to the inhabitants of this state or not, and whether tangible or intangible, which shall pass or vest by dower, curtesy, will or by statute of inheritance of this, or any other state, * * * shall be and is subject to tax * * * to be paid to the treasurer of the state for the use of the state. Chapter 26, Oregon Laws, 1933, amending section 10-601, Oregon Code 1930.

The real property in suit was owned by Miss Teresa E. D'Arcy when she died. It thereupon passed by the statute of inheritance to W. J. D'Arcy. It is not contended that such real property is not situated in the state of Oregon. It is agreed that both the estate of Peter H. D'Arcy and that of his sister were administered or are being administered in the county court of Marion county, Oregon; and that the appraisement of said property, upon which the tax in suit was exacted, was made by said court. Applying the presumption, that official duty has been regularly performed, we are warranted in assuming that such property is within the jurisdiction of this state. Subdiv. 15, section 9-807, Oregon Code 1930. Such property, therefore, is within the category of tangible property within the jurisdiction of the state which has passed by statute of inheritance, and is subject to the tax mentioned.

*Matter of Phipps*, 77 Hun. 325, 28 N. Y. S. 330 (affirmed 143 N. Y. 641, 37 N. E. 823), cited by plaintiff, is a case where a legatee residing in Massachusetts under the will of a resident of New York having died while the estate of his testatrix was unsettled and hence his

legacy had not been paid to him, by his will gave his estate to his widow, a resident of Massachusetts. The question decided was whether, under a statute subjecting property within the state of New York to an inheritance tax, the legacy mentioned should be taxed. The court applied the principle that the situs of personal property is presumptively the domicile of its owner, and its disposition is controlled by the laws of such domicile. In that case, the New York supreme court recognized that for certain purposes of taxation a different rule has obtained, because of statutes passed to prevent nonresidents from having the protection of the laws of a state of which they are not residents, because their property is invested and kept within that state, without contributing to the expense of such protection; but held that a mere chose in action, a right to recover a sum of money does not possess the attribute of tangibility, and, hence, would not be subject to the tax statute mentioned. In speaking of the character of the legacy and the right therein of the legatee, the court say:

"He had a right to claim the amount of money which his share of the residuary estate of Mrs. Fogg would result in, nothing more; no particular piece of property, no particular sum of money, no particular representatives of money or property."

The distinction between that and the instant case is obvious. Both decedents, Miss Teresa E. D'Arcy and Mr. Peter H. D'Arcy, were residents of Oregon when they died and for many years theretofore. The property involved in the case at bar is real property, tangible, definite and evaluated.

The decisive question in *Brill v. Holman*, 160 Or. 118, 84 P. (2d) 105, also cited by plaintiff, was whether a new estate or interest accrued to potential

surviving cestuis que trustent upon the death of the settlor, where, by the terms of the trust indenture, if his daughter should die before the settlor, the trust should terminate and the trustee should pay over the principal and any accumulation of income to the settlor; but if the daughter should survive the settlor, the trust should continue during the life of the daughter and thereafter until her youngest living child should attain the age of 21 years and after the death of the daughter and termination of trust, the principal should be distributed among the daughter's children. Speaking through Mr. Justice LUSK, we held that, where through the death of the settlor the remainder is freed of the possibility that it may revert to the donor and the trust be thereby terminated, the settlor's death effected a transfer which was the appropriate subject of a succession tax; or, in other words, because, under the terms of the trust instrument, the grandchildren could not come into possession and enjoyment of the estate until after the death of the settlor, his death made final, certain and absolute, at least as far as the provision for reverter is concerned, that which had heretofore been affected by more or less doubt and uncertainty, therefore, the succession was not complete until that event occurred, and in that respect the gift was intended to take effect and enjoyment after the death of the donor. No real property was involved in that case.

In *In re Klose's Estate*, 147 Or. 512, 513, 34 P. (2d) 636, the question decided was whether a bank account in Germany in favor of one, who, at the time of his death, was a resident of Oregon, was subject to a tax under the inheritance tax laws of Oregon. No real property was involved.

In *Haas v. Holman*, 143 Or. 141, 21 P. (2d) 795, this court considered the nature and character of Laura A. Leonard's interest in the estate of her brother Herman C. Leonard, who devised all of his property to his executor in trust to sell and dispose of at public or private sale as the executor should deem for the best interests of the estate, the proceeds thereof to be distributed to the beneficiaries, one of whom being the said Laura A. Leonard.

Speaking through Mr. Justice BAILEY, this court declared:

"It becomes apparent that if the interest of Laura A. Leonard at the time of her death, in and to the estate of Herman C. Leonard, deceased, was limited to the fund to be made up from the proceeds of the sale of the property belonging to the estate of Herman C. Leonard, deceased, when the executor-trustee deemed it advisable to sell, and if she had no interest in his property 'aside from a right in equity to compel the performance of the trust', then she was not the equitable owner of, nor did she have any interest in, said real property as such." Haas v. Holman, supra.

In other words, real property was not involved in the Haas-Holman case.

None of these four cases last mentioned supports the position of plaintiff to the effect that an heir or devisee of real property has no taxable interest in it until he receives it or the economic benefit of it; or, that before that time, his interest is not even intangible personalty.

The statute expressly provides that all taxes of the nature and character of those under consideration "shall take effect at and accrue upon the death of the decedent, or donor, and shall be due and payable at the expiration of eight months from such death, except

as otherwise provided'' in the inheritance tax statute. Section 10-606, Oregon Code 1930; *Staiger v. Holman,* 144 Or. 67, 76, 6 P. (2d) 43, 23 P. (2d) 917.

No exception is made in reference to succession to real property where decedent owns the real property by virtue of a devise and the estate of the devisor had not been fully administered when decedent died.

■ The fee title to and ownership of the real property of a decedent passes immediately on his death to his heirs or devisees subject only to the payment of the debts of deceased and the right of the personal representative to possession for the purposes of administration: *King v. Boyd,* 4 Or. 326; *Noon's Estate,* 49 Or. 286, 291, 88 P. 673, 90 P. 673; *De Bow v. Wollenberg,* 52 Or. 404, 96 P. 536, 97 P. 717; *Stadelman v. Miner,* supra; *MacKenzie v. Graham,* 159 Or. 687, 82 P. (2d) 884.

The judgment of the circuit court is reversed and the alternative writ and the petition therefor are dismissed.

BAILEY, J., not sitting.