Rot M. Page, S.
The present issue to he determined is as to the correctness or incorrectness of a pro forma order purporting to determine the estate tax in the above-named estate. Due and timely notice of appeal by the State Tax Commission was served and filed herein.
The last will and testament of the above-named deceased, as probated in this court, was designed to devise and bequeath all of the deceased’s estate to his wife, five daughters and one son. The provisions of the will are long and complicated, but free of ambiguity and, in effect, provide as follows: Gfeneral
bequests in the amount of $15,000 to the testator’s widow and each of his five daughters; a specific bequest of “whatever shares of stock of and in Ellis Brothers & Joseph, Inc. which I may own or possess at my death” to the deceased’s son, Thomas M. Ellis, who was also named as the sole residuary beneficiary, but, in the present case, there actually were no residuary assets. In addition, there were bequests to testator’s wife of tangible personal property valued at $1,250 and of cash and bank accounts to his son in the amount of $1,285. The amount of the net taxable property was $117,955.93, which included insurance and jointly owned property in the amount of $40,701.58, leaving in the estate proper controlled by the provisions of the will the amount of $77,254.35.
Now we must pass on to the complicated qualifications as contained in the will herein in relation to the above-stated bequests. To avoid a lengthy setting forth of these provisions verbatim, they may be summarized as follows: .The bequest of stock to the son was on condition that he would personally assume liability for payment of the legacies to the wife and daughters in annual installments of not less than $2,000 each. In the event that any one or more of the daughters should die before receiving full payment of her legacy, the amount unpaid would pass to her surviving issue, if any, or, in the alternative, to the son as residuary legatee; in the case of the widow, if she should die before receiving full payment of her general legacy, the balance would pass to her testamentary appointee, or, in default of any such appointment, to the son as residuary legatee.
The pro forma order allowed a $20,000 exemption to the widow and $5,000 each for the son and five daughters. The present appeal raises a question as to the propriety of these exemptions.
One of the contentions made by the respondent estate is that the widow’s benefits under the will qualify for the marital deduction, but this contention must be overruled because the *833 nonretroactive statute (Tax Law, § 249-s) had not been enacted at the date of testator’s death.
The other main contention of the respondent executor is that, under the provisions of section 249-q of the Tax Law, providing a $20,000 exemption for a surviving spouse and $5,000 each for children, that the estate was entitled to total exemptions of $50,000.
By the provisions of section 249-q of the Tax Law, both as to subdivision a thereof, providing a $20,000 exemption to a surviving spouse, and subdivision b thereof, providing $5,000 exemptions to children and other classes of persons named therein, a condition precedent to the application of any such exemption is to the effect that it is applicable only to the net estate “ transferred to and indefeasibly vested ” in a qualified distributee or legatee. Indefeasible vesting means an absolute vesting, i.e., a vesting with no strings attached, which, either in an intestate or testate succession, must be as of the date of the decedent’s death. (See Matter of Leonard, 199 Misc. 138, affd. 278 App. Div. 668 and numerous cases cited and reviewed therein.)
In this case, because of the above-stated complicated provisions and conditions contained in the will, it is so obvious as to require no argumentation that none of the six $15,000 bequests meets the requirement of, upon the testator’s death, having become indefeasibly vested in any one of the general legatees. In every instance they were, either in whole or in part, subject to being divested upon the occurrence of any one of the various contingencies as provided in the will. The same conclusion is also applicable to the son’s bequest of the corporate stock, since its value as of the date of the testator’s death was less than the amount for which he was required to become personally liable as a condition precedent to taking ownership of the stock.
This, being a case where the entire net estate was intended to be disposed of in favor of the testator’s own immediate family consisting of a wife and six children, is illustrative of a harsh and unjust result being produced by the requirement of technical compliance with the provisions of the statute. Reluctant as this court is to do so, there is no alternative to arriving at the conclusion that the exemptions provided in the pro forma order must be disallowed with the exception of the insurance, the small amount of jointly held property and specific bequests.
Settle amended order accordingly.