# REUEL CURTIS JAYNE AND MARGARET LOUISE JAYNE KURZET, PERSONAL REPRESENTATIVES OF THE ESTATE OF MARGARET FRY JAYNE, DECEASED v. DEPARTMENT OF REVENUE

Louise Jayne, Portland, represented plaintiffs.

Ted E. Barbera, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered December 11, 1975.

CARLISLE B. ROBERTS, Judge.

Plaintiffs appealed from defendant's Order No. IH 75-6, dated April 22, 1975, denying plaintiffs' petition to abate an inheritance tax deficiency in the sum of $1,550 (defendant's Notice No. 202469, dated April 29, 1975).

The facts are undisputed. On April 13, 1973, the decedent died testate, a resident and domiciliary of the City of Portland. The personal representatives filed the state inheritance tax return with defendant on December 12, 1973, within the time required by statute. After the time of decedent's death, but before the taxes imposed by the inheritance tax statutes were due and payable (ORS 118.220), Or Laws 1973, ch 759, § 2, was added to the inheritance tax law. It became a part of the law as of October 5, 1973 (pursuant to Or Const, Art IV, § 28), and was codified as ORS 118.035. The new section reads:

> "In lieu of the exemptions and deductions allowable under ORS 118.040 and 118.050 [respecting certain life insurance, pensions, etc.] and the homestead deduction in paragraph (g) of subsection (1) of ORS 118.070, a surviving spouse may claim a deduction in the amount of $50,000 from taxation

under the provisions of ORS 118.005 to 118.840 of assets passing to such surviving spouse."

The election was utilized by the plaintiffs in reporting inheritance taxes due by taking a deduction of $50,000. The defendant's disallowance of the $50,000 deduction creates the sole issue before the court, arising from the failure of the act to specify its effective date. The plaintiffs tersely state the legal issue:

"* * * [W]hen the decedent died prior to the amendment, may the election authorized by ORS 118.035 be properly claimed by a surviving spouse in an estate for which the Inheritance Tax Report was not due until after the effective date of said amendment?"

The court holds for the defendant.

There being no Oregon decisions in point, reliance is placed in the reasoning of decisions such as *Estate of Benjamin,* 235 Wis 152, 292 NW 304 (1940). The facts in that case parallel this one. The decedent died on March 6, 1938. The estate paid its federal estate tax on June 5, 1939. On July 3, 1939, an amendment to the Wisconsin inheritance tax laws became effective, reading in part:

"Inheritance and estate taxes imposed by the government of the United States shall be deemed debts and shall be deducted in determining the value of the property transferred." [292 NW at 306.]

On July 14, 1939, the estate's final account was filed, the personal representative claiming the benefit of the new statute. Upon being denied the deduction by the tax administrator, an appeal to the court submitted the question present in this suit: whether the amended act applies to the estate of one who died before the statute became effective but whose estate was not closed until after the effective date of the statute.

On appeal, the lower court was affirmed in its holding that the amended act granted a deduction, previously denied, but which applied only to estates of decedents dying after its enactment. This court, in the main, adopts the reasoning in that case, as follows:

■ The main purpose of ORS 118.005 to 118.840 is to raise revenue. Recognition of this easily demonstrable fact is a first step in construction of the statute. The court's further steps should avoid those which would render the statute ineffective, unless they are compelled by the language or necessary inference. *Cf. Lane County v. Oregon,* 74 US (7 Wall) 71, 79, 19 L Ed 101, 105 (1869).

. ■ Oregon inheritance tax accrues and the rights of interested persons become fixed on the date of decedent's death. ORS 118.220; *Hartung v. Unander et al,* 224 Or 165, 171, 355 P2d 738 (1960); *In re Gufler's Estate,* 43 Wash 2d 440, 261 P2d 434, 436-437 (1953); *The People v. Flanagin,* 331 Ill 203, 162 NE 848, 60 ALR 305 (1928). The deductions available to an estate in computing its inheritance tax also become fixed on the date of death. *In re Ellis's Estate,* 7 Misc2d 831, 166 NYS2d 561 (1957); *In re Ingraham's Estate,* 106 Utah 337, 148 P2d 340 (1944).

■ Where inheritance tax has accrued and the lien in favor of the estate has come into being, the state has a substantial right of which it is not to be deprived, except by clear legislative enactment. The Department of Revenue correctly points out that, on the decedent's date of death, the State of Oregon had a substantive vested right which should not be abridged. *Estate of Benjamin, supra,* 292 NW at 307. The court in *Board of Regents U. W. v. Illinois,* 404 Ill 193, 88 NE2d 489, 492 (1949), noted:

"* * * [T]he State has a vested financial right in the estate of every decedent in this State which

is subject to the payment of an inheritance tax, and such right is equal in degree to that of the personal representative, the heir or devisee of the decedent, and it vests at the same time that the interest of the personal representative, heir or devisee vests. * * *"

The rule of statutory construction requiring liberal interpretation of remedial statutes, so as to include cases within the reason, although outside the letter of the statute, is subject to limitations where the rights have become vested. Statutes should generally be applied prospectively if vested rights may be disturbed. In the case of *People v. Dilliard,* 252 App Div 125, 298 NYS 296, 302 (1937), the court quotes from Endlich on the *Interpretation of Statutes,* at 367:

> "It is chiefly where the enactment would prejudicially affect vested rights, or the legal character of past transactions, that the rule in question prevails. Every statute, it has been said, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, or imposes a new duty, or attaches a new disability in respect of transactions or considerations already past, must be presumed, out of respect to the Legislature, to be intended not to have a restrospective operation. * * *"

The amendment to the Oregon inheritance tax law, substituting a $50,000 deduction in lieu of other deductions, is prospective in application. A change in the law of inheritance taxation applies prospectively unless a legislative intent is clearly expressed that it be applied retrospectively. *Henderson v. State Tax Commission,* 182 Or 519, 188 P2d 630 (1948); *Denny v. Bean,* 51 Or 180, 183, 93 P 693 (1908).

Defendant's arguments follow *Estate of Benjamin, supra,* and cite it. Plaintiffs' contrary arguments have

been reviewed with care but are not sufficient to sustain their suit. Their principal contention is that the election provided in ORS 118.035 "is properly made at the time of filing the Inheritance Tax Return." In support of this conclusion, the plaintiffs cite *Estate of Slack,* 86 Cal App2d 49, 194 P2d 61, 66 (1948), and *In re Franklin's Estate,* 299 P2d 1037 (Cal App 1956), *aff'd,* 47 Cal2d 303, 303 P2d 339 (1956). The decision in *Estate of Slack* turns on the distinction between "an estimate" and an "amount due or paid," and is not in point here. *In re Franklin's Estate* is rebutted by *Estate of Skinker,* 47 Cal2d 290, 303 P2d 745, 62 ALR2d 1137 (1956).

▮ It is rudimentary, of course, that while every mathematical calculation involved in preparing the inheritance tax return can be made *as* of the date of death, many cannot be made *on* that day. *D'Arcy v. Snell,* 162 Or 351, 91 P2d 537, 122 ALR 928 (1939); *Shriver v. Kuchel,* 113 Cal2d 421, 248 P2d 35, 38 (1952); *In re Clark's Estate,* 105 Mont 401, 74 P2d 401, 412, 114 ALR 496 (1937). However, the statutory authority to take a deduction must be present at date of death, to be adverted to at the time of computation. This concept was expressed in *Estate of Benjamin, supra,* 292 NW at 307:

> "* * * The amount of the tax had not been determined, but all the elements by which that amount was to be controlled in making a determination such as tax rates and deductions were in existence. These elements could not be changed except by a statute retroactive in its terms. * * *"

In the preparation and filing of the required inheritance tax return within the nine-month period following the date of death, with the knowledge that the taxes accrued and the rights vested at death, the personal representative must always be guided by the law in

effect on the date of death. ORS 118.220.① Any other interpretation could have the effect of penalizing those estates whose personal representatives have been diligent in filing the returns at the earliest possible moment.

The personal representatives' second argument is that the state's interest was not prejudiced by a change in the method of computing the inheritance tax by virtue of utilizing the election provided under the new ORS 118.035. In support of this argument, plaintiffs cite *In re Jeffery's Estate,* 333 Pa 15, 3 A2d 393 (1939), and *In re Bing's Estate,* 23 Misc2d 326, 200 NYS2d 913 (1960). *Jeffery's Estate* is distinguished in that the utilization of the amended statute was allowed by the language of the act itself, and, as the court said, the legislative intent clearly and manifestly intended its use; consequently, there was no need to discuss prospective or retrospective interpretations. *In re Bing's Estate* is distinguished because the amended act which the personal representative utilized was in force and effect three years before the date of death. (A tax auditor raised a question because the decedent's will was dated prior to the effective date of the amendment.) Plaintiffs' argument simply begs the question.

Plaintiffs' third argument states the common rule that when there is doubt as to the *construction* of a statute imposing an inheritance tax, it should be resolved in favor of the person taxed and the statute should be construed strictly against the taxing power, citing 85 CJS *Taxation* § 1135(d) and 42 Am Jur2d *Inheritance, Estate, and Gift Taxes* § 30. This court has often followed this rule, under the required

---

① This is true even when the doctrine of relation back may be applicable. *First Nat'l Bank v. Dept. of Rev.,* 6 OTR 209 (1975).

facts; *e.g., Est. R. L. Sleeter v. Dept. of Rev.,* 5 OTR 600, 606, (1974), and cases cited. However, construction of the principal statute is not required in this case; its meaning is clear. The question is a collateral one: in the absence of a specific statutory directive, when did the legislature intend the new act to take effect? The answer is found in another common rule of construction: statutes will not be construed retroactively unless they admit of no other reasonable construction. *Henderson v. State Tax Commission, supra.*

The marital deduction provided by ORS 118.035 operates prospectively, applying to decedents' estates created on and after October 5, 1973. Defendant's Order No. IH 75-6, dated April 22, 1975, and its Notice of Determination and Assessment of Inheritance Tax No. 202469, dated April 29, 1975, are affirmed.

No costs to either party.