# IN THE OREGON TAX COURT

## FIRST NATIONAL BANK OF OREGON
*v.*
## DEPARTMENT OF REVENUE
(TC 1457)

Gerson F. Goldsmith, Goldsmith, Siegel, Engel & Littlefield, Portland, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered December 7, 1981.

**CARLISLE B. ROBERTS, Judge.**

The plaintiff appealed to this court from defendant's Order IH 80-2 (dated October 20, 1980), which denied requested refund of a part of inheritance taxes paid. Thereafter both parties filed motions and briefs, seeking a summary judgment. Oral arguments were heard and stipulations filed.

All pertinent facts in this suit have been stipulated. On Febuary 18, 1957, Anna and Sigfrid Berliner, wife and husband, executed mutual wills whereby each left all of his or her property to the survivor and then, if the estate was less than $10,000 and Anna's sister did not survive, to be divided among various relatives. If the estate was greater than $10,000, each left the remainder of his or her estate to Manfred M. Warren, Erwin Berliner and Hanna Wilber as trustees of a specific trust, for the benefit of Anna's sister for life and then to others named or to class beneficiaries. Sigfrid died October 16, 1961, with his will in force, survived by Anna, who took under the will. On January 24, 1966, Anna revoked her mutual will and executed another, leaving virtually all of her estate to the University of Goettingen, in Germany.

Upon Anna's death, the trustees of the trust created by the mutual wills of 1957 filed a claim in the estate for the net amount of Anna's estate, claiming as beneficiaries under her prior will. This claim was disallowed by the personal representative. The trustees then commenced a suit on the

claim against the personal representative of the estate, alleging that there had been a mutual agreement by Sigfrid and Anna to dispose of property in accordance with the terms of mutual wills and the breach of that agreement by Anna in her revocation of the first will (after Sigfrid's death) followed by the execution of the second will which made no reference to the trust. They alleged that, except for the breach by Anna, the property would have passed to the trustees to be held for the purposes of the trust. The trustees prayed for specific enforcement of the agreement between Sigfrid and Anna, in accordance with the mutual wills, the imposition of a trust on all assets in possession of the personal representative in favor of the trust and a declaration that the trustees were owners of the property.

However, prior to trial, the parties (the personal representatives of the estate, the trustees and the University of Goettingen) entered into a settlement agreement whereby the trutees would receive 50 percent of the "net probate estate" of Anna Berliner after deduction of the costs of administration. Upon application to the probate court, a decree was entered, declaring that "the claim of plaintiffs" (the trustees) was allowed, that the Estate of Anna Berliner "was indebted to plaintiffs" (the trustees) for 50 percent of the net probate estate and ordering the personal representative to distribute 50 percent of the net probate estate to the trustees.

First National Bank of Oregon, as personal representative, had previously filed an inheritance tax return with the Department of Revenue, showing inheritance tax of $227,176 due on the estate and simultaneously making full payment of that amount. Following the entry of the decree in circuit court, the personal representative filed for a refund of $118,207. This claim for refund was denied by the Department of Revenue in Order No. IH 80-2.

The personal representative then filed a complaint in this court, claiming that the amount paid to the trustees as a result of the settlement should be allowed as a deduction from the estate for state inheritance tax purposes, under ORS 118.070(1) (1975 Replacement Part) as a claim against the

estate. In the alternative, the personal representative contended that ORS 118.010 would not impose tax on that part of the estate delivered to the trustees under the agreement of the parties.

It is possible that the trustees could have succeeded in overturning Anna's second will if they had persisted in their suit. It is obvious that they had leverage. Mutual wills have been enforced as contractual in Oregon.[1] But this issue was not raised in the pleadings and is not before the court. Anna's second will was not contested. It was established by the circuit court, on plaintiff's petition, as the valid last will and testament of the decedent. The trustees benefited through a settlement or compromise arranged outside the circuit court's jurisdiction by the personal representative of the decedent's estate, the beneficiary under Anna's second will and the trustees named in Anna's and Sigfrid's early wills. Although the court approved of the compromise, on petition of the parties, and authorized payment of 50 percent of the net estate to the trustees, this was a matter between the representatives of the University of Goettingen and the trustees and did not affect Oregon inheritance taxes.

Oregon's inheritance tax is imposed upon the privilege of effecting a transfer of property by survivorship, will or statutes of inheritance. ORS 118.010. In this case, the transfer of property to Goettingen University was the result of an uncontested, last will and testament, duly established and approved through probate proceedings.

■ It is well established that the Oregon inheritance tax accrues and the rights of interested persons become fixed on the date of the decedent's death. *Hartung v. Unander et al,* 224 Or 165, 171, 355 P2d 738, 741 (1960). *See also In re Gufler's Estate,* 43 Wash2d 440, 261 P2d 434, 436-437 (1953); *People v. Flangin,* 331 Ill 203, 162 NE 848, 60 ALR 305 (1928). The deductions available to an estate in computing its inheritance tax also become fixed on the date of death. *In re Ellis's Estate,*

---

[1] *Schramm v. Burkhart,* 137 Or 208, 2 P2d 14 (1931).

7 Misc2d 831, 166 NYS2d 561 (1957); *In re Ingraham's Estate,* 106 Utah 337, 148 P2d 340 (1944). Inheritance tax accrues on that date and the State of Oregon is a lienholder with a vested substantial right in the proceeds of the estate. *Jayne v. Dept. of Rev.,* 6 OTR 251, 254 (1975). It follows from these rules that compromises and settlements, arranged outside the probate of the estate, cannot affect the state's lien. Inheritance taxes will be imposed as required by the will's plan of distribution of net assets or by the laws of descent and distribution where there is intestacy. *Hartung v. Unander, supra.* (The reason for the rule is well expressed in *Hartung,* 224 Or 169-170, 355 P2d 740-741, quoting from 1946-1948 Op Att'y Gen, 182.)

In the present suit, except for a $1,000 bequest for grave care, the whole estate was given, devised and bequeathed to Goettingen University "to be used for a research fellowship in mathematics and physics under the name of Sigfrid Berliner." (See Will of Anna B. Berliner, dated January 24, 1966, page 1.) ORS 118.020 (1977 Replacement Part), the law in effect on May 13, 1977 (the date of Anna's death), allowed no tax deduction or credit for gifts to foreign universities.

The defendant's Order No IH 80-2, denying a refund of inheritance taxes paid by plaintiff as personal representative of the Estate of Anna Berliner, Deceased, is affirmed. Each party shall bear its own costs.

Great effort was made by counsel to clarify to the court the pro and con of plaintiff's theory that the amount paid to the trustees as a result of the settlement should be allowed as a deduction from the estate for state inheritance tax purposes, under ORS 118.070(1) (1975 Replacement Part) as a "claim against the estate." In deference to counsel, the court's reasoning is set out in footnote [2], below.

---

[2] In support of its argument that the amount paid to the trustees under the compromise is a claim against the estate, plaintiff relies chiefly upon the fact that it was filed and allowed as such by the circuit court. The general rule, however, is that a probate court's allowance of a claim is not conclusive for the purpose of determining its deductibility in computing inheritance taxes unless the court has actually passed upon the merits of the claim. *See First Mechanics Nat. Bank v. Commissioner of Int. Rev.,*

117 F2d 127 (3rd Cir 1940); Anno, 132 ALR 1464; 42 Am Jur2d *Inheritance, etc., Taxes* § 294. The circuit court had no occasion to judge the parties' stipulated compromise. It approved it, but the court's precise wording should not be parsed; in this situation the words merely signify acceptance.

Oregon's Supreme Court, years ago, sought to give meaning to the term "claim against the estate." In *Weill v. Clark's Estate,* 9 Or 387 (1881), the court stated:

"The word 'claim' means a 'legal demand for money to be paid out of the estate.' [Citation omitted.]

"It is based upon the personal obligation or liability of the dedecent, and must have accrued against him during life, or be of such a nature that it would have accrued against him if he had continued to live. [Citation omitted.]" *Weill v. Clark's Estate,* 9 Or, at 391.

The distinction between "claim," as it is defined by the court in *Weill,* and the payment under the compromise agreement is readily apparent. The claim of the trustees to the Berliner Estate was not a "legal demand for money," but was rather an equitable claim for specific performance of a right which arose simultaneously with Anna's death. The compromise entered into between the parties in settlement of that suit for specific performance ripened into a debt of the estate, as stated in the decree, but this agreement was not made until after the death of Anna Berliner. Courts have recognized this distinction. *See Bank of California v. Connolly,* 111 Cal Rptr 468, 482, 36 Cal App 3d 350, 371 (1973).

The court, therefore, has concluded that the payment made to the trustees pursuant to the compromise agreement was an independent, out-of-court settlement of intended beneficiaries' interest "in the estate" rather than a claim "against the estate" within the meaning of ORS 118.010. *See Harris v. Craven,* 162 Or 1, 91 P2d 302 (1939); *Jones v. Clark,* 19 Cal2d 1546, 119 P2d 737 (1941); *Savings Investment and Trust Co. v. Martin,* 119 NJ Eq 611, 183 A 286 (1936); *Est of Lena G. Lazar,* 58 TC 543 (1972).