# IN THE OREGON TAX COURT

## VANDEVERT
*v.*
## DEPARTMENT OF REVENUE
(TC 1596)

Donald V. McCallum, of Donald V. McCallum, P.C., Sunriver, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered April 28, 1982.

## CARLISLE B. ROBERTS, Judge.

Plaintiff, as the personal representative of the Estate of Claude C. Vandevert, deceased, seeks reversal of the Department of Revenue's Order No. IH 81-3, dated July 9, 1981, which determined that inheritance taxes for the decedent's estate should be computed as if distribution of the estate was made under the Oregon laws of intestacy, rather than pursuant to a distribution under a property division agreement entered into between the decedent's heirs and approved by the probate court. For reasons stated herein, this court affirms the defendant's order.

The essential facts of this case have been stipulated by the parties. The decedent, Claude C. Vandevert, executed a will in 1954, leaving his entire estate to his "beloved wife" for life, and the remainder to his children. Subsequently, Mr. Vandevert's wife (Mrs. Pearl M. Vandevert), died and he remarried. Mr. Vandevert died in December 1975 and was survived by his second wife (Mrs. Jean C. Vandevert), who is the plaintiff in this case, and the four children of his prior marriage.

Upon Mr. Vandevert's marriage to the plaintiff, Oregon law operated to revoke his 1954 will. ORS 112.305 provides:

"A will is revoked by the subsequent marriage of the testator if the testator is survived by his spouse, * * * ."

Thus, since the decedent died without executing a will subsequent to his marriage to the plaintiff, he is considered, under Oregon law, to have died intestate.

Under the laws of intestacy, plaintiff would have received one-half of the decedent's estate (ORS 112.025) and the children would have received the remaining one-half (ORS 112.045(1)). However, in October 1978, plaintiff and the decedent's four children entered into an agreement whereby the plaintiff was to receive three-quarters of the decedent's estate and the decedent's children were to receive the remaining one-quarter. A decree of final distribution, incorporating

this agreement, was entered on January 3, 1979, in the Circuit Court of Deschutes County, Oregon, pursuant to ORS 116.113(1).

Plaintiff, in her capacity as personal representative of the decedent's estate, calculated and paid to the Department of Revenue inheritance taxes based upon the distribution of the estate pursuant to the agreement. In October 1979, the department recalculated the estate's tax liability, based upon the statutory distribution of the estate which would have occurred under intestacy. The personal representative was assessed additional inheritance tax, plus interest, in the amount of $3,063.75. Plaintiff paid the full amount of the assessment, under protest.

The parties agree that the sole issue directed to the court is whether the estate's inheritance tax liability should be computed upon the distribution which would have occurred under the rules of intestacy or based upon the distribution made pursuant to the October 1978 agreement. In support of the second method, plaintiff refers to ORS chapter 116 and the sections thereunder pertaining to the apportionment of estate taxes.

ORS 116.313 provides that taxes shall be apportioned "* * * among all persons interested in the estate * * *." A "person interested in the estate" is one who is "entitled to receive, or who has received, from a decedent or by reason of the death of a decedent any property or interest therein included in the decedent's estate. * * *" ORS 116.303(3). Under ORS 116.113(4), the estate distribution agreement entered into between the plaintiff and the decedent's four children ultimately determined those persons' interests in the decedent's estate. The plaintiff contends that it should also be the final determination as to tax liability.

■ It is true that, for the purpose of apportionment of property interests among the heirs and beneficiaries, a court's decree is the conclusive determination of each person's interest in an estate. ORS 116.113(4). The court's decree ordinarily recognizes the vesting of title in estate property which occurs on the decedent's death. *Any distribution between parties* made pursuant to an estate distribution agreement which has been approved by the court "operates as a transfer of the property *between those persons."* ORS 116.113(1) and (3).

(Emphasis supplied.) The court recognizes the vesting at death and the rights of the heirs thus derived to be transferred by them as they may desire.

However, the issue of apportionment is not before this court. The question to be settled pertains only to the estate's inheritance tax liability. It is the opinion of the court that this issue can be resolved only by reference to the statutory sections dealing with the accrual of inheritance taxes.

■       ORS 118.220 provides:

"All taxes imposed by ORS 118.005 to 118.840 take effect at and accrue upon the death of the decedent, * * *."

As this court stated in *Jayne v. Dept. of Rev.*, 6 OTR 251, 254 (1975), the accrual of taxes creates a vested financial right in the State of Oregon which should not be curtailed. Subsequent agreements between the parties interested in the estate of the decedent cannot annul or abridge those rights. *See Hartung v. Unander et al*, 224 Or 165, 355 P2d 738 (1960); *First National Bank of Oregon v. Dept. of Rev.*, 9 OTR 116, *aff'd* 294 Or 60, 653 P2d 985 (1982).

The court is mindful of the fact that Oregon has never been faced with an intestacy case on this issue. However, the court holds that the different facts in the present suit and those in the *First National Bank* suit cannot justify a different conclusion; the same rules of law are applicable. When Mr. Vandevert died intestate in December 1975, inheritance taxes upon his estate accrued at the moment of death. The State of Oregon acquired a statutory right to collect those taxes, based upon the status of the distributive rights as they existed at the date of death. Although the subsequent distribution agreement can alter the allocation of property among persons interested in the estate, it could not affect the estate's accrued tax liability.

While it is true, as plaintiff's counsel has repeatedly pointed out, that the "law does not favor intestacy," that policy is not affronted by the holding in this case. The application of ORS 118.220 will not alter the distribution of the estate's property pursuant to the agreement of the heirs.

Contrary to plaintiff's claim, an application to this

case of ORS 118.220 and the rule enunciated in *Jayne* does not require the court to overlook statutory sections dealing with the apportionment of taxes. Payment of the estate's tax liability, as established under ORS 118.220, can be allocated among heirs or persons interested in the estate according to a distribution plan approved by the court under the terms of ORS 116.113, but the total amount of dollars to be allocated will be determined under the statutory intestacy schedule. The provisions, although related, deal with different subject matters, and do not conflict for this reason.

■    Even if the provisions at issue were found to be inconsistent with each other, it would still be necessary, under the doctrine relating to statutes in pari materia, to attempt to reconcile them. *See Barnum v. Dept. of Rev.,* 5 OTR 508, 517-519 (1974). Potentially conflicting provisions dealing with the same or related subjects are to be regarded as blending into each other and constituting but a single statute, and the court is bound to uphold both, if feasible. *See Pacific Motor Transport Co. v. State Bd. of Equalization,* 28 Cal App 3d 230, 104 Cal Rptr 558 (1972). In this case, both the apportionment and inheritance tax provisions may reasonably be given effect without doing violence to either.

For the foregoing reasons, the court finds that the Department of Revenue was not in error when it assessed plaintiff's inheritance tax upon the estate distribution which would have occurred under the intestacy statutes. The defendant's Order No. IH 81-3 is affirmed.

No costs to either party.